Clifford E. GENSON, Plaintiff,

v.

S. Dillon RIPLEY, V. Clainstefanelli and
Smithsonian Institution, Defendants.

No. CIV 81–090–TUC–MAR.

United States District Court,
D. Arizona.

Dec. 18, 1981.

Clifford E. Genson, in pro. per.

A. Bates Butler, III, U. S. Atty., and James Mueller, Asst. U. S. Atty., Tucson, Ariz., for defendants.

## ORDER

MARY ANNE RICHEY, District Judge.

Upon consideration of both plaintiff's and defendants' motions for summary judgment and· the entire record herein, the Court grants defendants' motion for summary judgment for the reasons stated below.

BACKGROUND

Plaintiff, representing himself in this matter, requests damages for alleged negligence, misrepresentation and fraud by defendants. The parties began corresponding in September 1972, regarding a coin found by plaintiff. Eventually plaintiff gave the coin to the Smithsonian Institution in February 1974. A deed of gift was signed by plaintiff on September 4, 1975. In November 1975, defendant Clain-Stefanelli acknowledged the gift, stating the coin was a Mexican Hazienda token. This judgment as to the origin and significance of the coin differed radically from the information supplied to the museum by plaintiff. Plaintiff asserts that the coin proves the Gaelic tribes reached this hemisphere in the 8th century. Plaintiff claims that the museum has not served its purpose of educating the American people about this discovery. The coin was returned to plaintiff on November

5, 1977. Plaintiff filed this case in district court on March 26, 1981.

FEDERAL TORT CLAIMS ACT

Plaintiff claims jurisdiction under 28 U.S.C. § 1332 (diversity) and 28 U.S.C. § 1441 (removal). These statutes are inappropriate in this case. The Smithsonian Institution is a federal agency for purposes of the Federal Tort Claims Act. *Expeditions Unlimited Aquatic Enterprises, Inc. v. Smithsonian Institution*, 566 F.2d 289, 291 n.1, 296 (D.C.Cir.1977), *cert. denied*, 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160 (1978). *See also, Foster v. Ripley*, 645 F.2d 1142 (D.C.Cir.1978). In order to bring suit in federal district court against a federal agency and its employees, jurisdiction must be granted by Congress, waiving the usual sovereign immunity from suit held by the United States Government. In an action based on claims of negligence and misrepresentation, normally thought of as tort claims, the district court has been granted jurisdiction by 28 U.S.C. § 1346(b). When Congress agreed to waive immunity in such tort cases, however, the waiver was conditioned on certain procedures being followed before a suit could be filed in district court. Unless plaintiff goes through these procedures, the court cannot take jurisdiction over the suit. In this case the statutory requirements of 28 U.S.C. § 2401(b),[1] the statute of limitations section of the Federal Tort Claims Act, were not met in time. By the affidavit of Peter G. Powers, General Counsel for the Smithsonian Institution, dated July 9, 1981, no claim against the Smithsonian was ever filed by the plaintiff. The timely filing of an administrative claim has long been recognized to be a jurisdictional prerequisite to suit under the Federal Tort Claims Act. *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974). The last date which plaintiff's claim could have accrued, and the date which the two years allotted for filing an administrative claim began to run, was November 5, 1977. This was the

---

**1.** "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

day the coin was returned to plaintiff by the defendants. The Supreme Court has stated that "accrual" commences from the time plaintiff knows both the existence and the cause of the injury. *United States v. Kubrick*, 441 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Thus, by November 5, 1977, plaintiff knew how the Smithsonian had dealt with his coin and that he was not satisfied with their treatment. No claim was filed with the Smithsonian within two years after that date, thus eliminating the possibility of this district court taking jurisdiction over plaintiff's case.

In addition, the Federal Tort Claims Act specifically excludes misrepresentation as a claim upon which a suit can be brought against the United States. 28 U.S.C. § 2680(h). The plaintiff also is not allowed to bring a charge of fraud against the government because the word "deceit" is among the excluded charges in 28 U.S.C. § 2680(h) and has been interpreted to exclude all claims of fraud. *Covington v. United States*, 303 F.Supp. 1145 (D.Miss. 1969). Thus, those claims for misrepresentation and fraud are not possible against the United States or a federal agency like the Smithsonian Institution.

The individual defendants are employees of the Smithsonian Institution and as such are immune from liability if the actions taken by each of them were "within the outer perimeter of [their] line of duty." *Barr v. Mateo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Expeditions Unlimited, supra*, at 291; *Miller v. DeLaune*, 602 F.2d 198, 199 (9th Cir. 1979). The acceptance of the gift by the museum and examination and evaluation of the coin by a numismatic expert would be within the perimeters of the duties of employees of the Smithsonian Institution. In a letter from defendant Ripley to the plaintiff on November 10, 1977, Ripley says that "[o]ur Curator of Numismatics tells me ... that he is absolutely certain the piece is not of Viking origin as you may have been told." No constitutional claim has been made by the plaintiff possibly limiting the individual employee's immunity under *Butz v. Economou*, 438 U.S. 478, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978).

It is not clear whether the plaintiff claims state tort liability against the individual defendants. If it were part of plaintiff's claim, both Arizona (Az.Rev.Stat. 12–542 and –543) and the District of Columbia (D.C.Code Ann. 12–301) preclude actions in negligence and fraud after a maximum of three years after the injury. Thus, any such complaint by the plaintiff is barred on the basis of these statutes of limitation.

The court recognizes the difficulties of the plaintiff who must represent himself. No special exceptions can be made, however, for those appearing before the court *pro se*. *Mazique v. Mazique*, 356 F.2d 801 (D.C.Cir.), *cert. denied*, 384 U.S. 981, 86 S.Ct. 1881, 16 L.Ed.2d 691 (1966); *Hutter Northern Trust v. Door County Chamber of Commerce*, 467 F.2d 1075 (7th Cir. 1972). *See also, United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

THEREFORE, IT IS ORDERED that defendants' motion for summary judgment be granted because as a matter of law the plaintiff's action is not within the limited, conditional waiver of sovereign immunity granted in the Federal Tort Claims Act and this court has no jurisdiction to hear the case.