**FIRST AMERICAN SAVINGS BANK, F.S.B., a federally chartered savings bank having its principal office in the State of North Carolina, and Security Savings Bank, F.S.B., a federally chartered savings bank having its principal office in the State of New Mexico, Plaintiffs,**

v.

**WESTSIDE FEDERAL SAVINGS AND LOAN ASSOCIATION, a federally chartered association having its principal office in the State of Washington, in its own capacity and as Trustee, Defendants.**

No. C85–1087C.

United States District Court,
W.D. Washington.

Feb. 4, 1986.

---

E. Michele Moquin, Jones, Grey & Bayley, P.S., Seattle, Wash., for plaintiffs.

John D. Alkire, Perkins Coie, Seattle, Wash., for Federal Sav. and Loan Ins. Corp.

## ORDER ON MOTIONS

COUGHENOUR, District Judge.

THIS MATTER comes before the Court on a number of cross-motions by plaintiffs and the Federal Savings and Loan Insurance Corporation (hereinafter "FSLIC"). Having considered the pleadings, memoranda in support of the respective motions, the oral argument of the parties, and the record herein, the Court finds and concludes as follows:

This civil case arises out of a $9 million construction loan in which defendant Westside sold participating interests to plaintiffs. In June, 1983, First American Savings Bank and Security Savings Bank each entered into "Loan Participation Sales, Trust and Servicing Agreements" (hereinafter "Loan Participation Agreement") with Westside pursuant to which plaintiffs allegedly purchased "in the aggregate a ⅓ undivided participating ownership in the $9 million loan, in all security therefor and in all documents in possession of Westside relating to the loan. Westside undertook administration of the loan as trustee for the benefit of the Participants." The loan was an 18–month construction loan to Environmental Construction Company (hereinafter "Environmental") to be rolled into a 36–month permanent loan. The construction loan was secured by real property in Scottsdale, Arizona, on which Environmental was to construct two mid-rise condominium buildings.

Plaintiffs filed their complaint June 17, 1985. Plaintiffs pleaded causes of action for breach of trust, breach of contract, fraud, misrepresentation, violations of United States, New Mexico, and North Carolina securities laws, and claims under state laws for trade violations. The conduct that allegedly formed the basis of the complaint included releasing Environmental from direct liability under the construction loan without notifying plaintiffs; allowing Environmental to materially alter the construction plan, again without notifying plaintiffs; failing to notify plaintiffs of defaults under the loan by Environmental, and taking a deed in lieu of foreclosure against the express wishes and advice of plaintiffs.

On August 30, 1985, the Federal Home Loan Bank Board (hereinafter "FHLBB") appointed FSLIC as receiver for Westside. FSLIC filed a motion for substitution of parties, which this Court took under advisement. FSLIC filed a motion to dismiss. Plaintiffs then filed two cross-motions, including a motion to strike FSLIC's motion to dismiss and a motion to continue FSLIC's motion to dismiss. Before reaching the merits of FSLIC's motion to dismiss, the Court will consider the three remaining pending motions.

FSLIC has moved to be substituted for Westside as party defendant pursuant to Fed.R.Civ.P. Rule 25(c). Rule 25(c) provides "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." A motion under this rule is directed to

the sound discretion of the court, taking into account the exigencies of the situation. *McComb v. Row River Lumber Co.,* 177 F.2d 129 (9th Cir.1949). It is within the discretion of the court to continue the action in its original posture, to order substitution of the party to whom interest has been transferred, or to join the transferee of the interest as a party. *Sun-Maid Raisin Growers v. California Packing Corp.,* 273 F.2d 282 (9th Cir.1959); *FDIC v. Tisch,* 89 F.R.D. 446, 448 (E.D.N.Y.1981).

■ Upon consideration of the circumstances, the Court concludes that FSLIC should be substituted as party defendant for Westside. Even in the absence of formal pleadings, it is apparent that FSLIC, appointed as receiver for Westside by the FHLBB, is already a party to the proceedings. *See North Mississippi Savings & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1100 (5th Cir.1985); *Farina v. Mission Investment Trust,* 615 F.2d 1068, 1074–75 (5th Cir.1980) (formal intervention or joinder of receiver not necessary). Although Westside has not been formally liquidated and dissolved, for the practical purposes of this suit, it has ceased to exist. Substitution of FSLIC, rather than joinder, is appropriate.

Plaintiffs moved to strike FSLIC's motion to dismiss on the ground that it was filed by an entity not a party to this action. Plaintiffs' motion to strike will be DENIED for the reasons stated in the preceding paragraph.

Before deciding FSLIC's motion to dismiss, the Court will consider plaintiffs' motion to continue FSLIC's motion to dismiss. Plaintiffs offer two grounds for continuing the motion to dismiss: (1) inconsistent interpretations of several statutory provisions make it advisable for the Court to await congressional clarification of the relevant statutory provisions; and (2) the continuance is necessary to allow plaintiffs to conduct discovery relating to factual issues that they claim bear on FSLIC's motion to dismiss.

■ With respect to the asserted need for congressional clarification, plaintiffs argue that the interpretation of statutes offered by FSLIC in this case renders the statutory scheme internally inconsistent. Furthermore, plaintiffs assert FSLIC has made arguments to courts in other cases that contradict the arguments it has made in the present action. Plaintiffs point out that one of the statutes under which FSLIC claims authority to adjudicate the claims that are the subject of this action, 12 U.S.C. § 1729(d), is due to expire April 15, 1986. Plaintiffs ask the Court, considering inconsistent arguments made by the FSLIC in this Court and contradictory arguments made by FSLIC in other courts, to await definitive congressional action before considering FSLIC's motion to dismiss.

The Court declines plaintiffs' invitation to await congressional "clarification." It is the role of this Court to interpret and construe congressional legislation as it stands. The unsubstantiated possibility that at some time in the future, Congress will amend the statutes, implicitly changing the result in this case, is not a cognizable basis for granting a motion to continue.

Plaintiffs also seek to continue the motion to dismiss pending discovery of factual issues relating to the transfer of assets from Westside to FSLIC, the disposition of those assets, compliance by FSLIC with regulations requiring FSLIC to transfer trust assets to a substitute custodian, FSLIC and FHLBB procedures for the adjudication of claims, and making an administrative record for review under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* The Court agrees with FSLIC that the motion to dismiss presents purely legal questions that do not require discovery of the nature contemplated by plaintiffs for their resolution. With respect to plaintiffs' desire to discover facts relating to the disposition of assets, procedures for adjudication, etc., these concerns will be adequately protected by and addressed in judicial review proceedings under the Administrative Procedure Act. *See Hudspeth,* 756 F.2d at 1102–03; *Rembold v. Gibralter Savings*

*and Loan Ass'n,* 624 F.Supp. 1006 (W.D. Wash.1985).

### FSLIC'S MOTION TO DISMISS

■ FSLIC has moved to dismiss the claims plaintiffs filed against Westside. FSLIC argues that Congress has provided for administrative adjudication of claims against an insured federal institution that has been placed in FSLIC receivership. Only after a "claimant" has exhausted administrative remedies may that party appeal an adverse final decision under the Administrative Procedure Act. Plaintiffs have raised a number of arguments to compel this Court to retain jurisdiction of the matter. The Court is persuaded that in establishing the legislative framework for the regulation of the nation's savings and loan associations, Congress intended claims of the nature plaintiffs make to be adjudicated initially before FSLIC in its capacity as receiver for a failed institution.

Two particular provisions form the basis of the congressional grant of authority to adjudicate claims against an institution in receivership. 12 U.S.C. § 1729(d) provides in part:

> "In connection with the liquidation of insured institutions, the Corporation shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions...."

FSLIC construes this provision to confer upon it authority to adjudicate claims against an insured institution, such as plaintiffs' claims in this matter. FSLIC also points to 12 U.S.C. § 1464(d)(6)(C), which states "no court may ... except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver." According to FSLIC, the pendency of this action in the district court will "restrain or affect" the exercise of FSLIC's powers as adjudicator of claims against the insured institution, Westside.

■ FSLIC relies upon the decision of the Fifth Circuit Court of Appeals in *Hudspeth, supra,* which accepted the same argument made by FSLIC here. In *Hud-*

*speth,* the North Mississippi Savings and Loan Association ("Old North") filed an action in state chancery court seeking a declaratory judgment that its deferred compensation agreement with its former president either did not exist or was terminable. Former president Hudspeth counterclaimed for specific performance or damages for breach of contract. When Old North was declared insolvent and FSLIC was appointed receiver, the case was removed to district court. FSLIC moved to dismiss and Hudspeth moved to remand the case to state court. The Court of Appeals denied defendant's motion to remand, and dismissed his counterclaim. As the Court explained, "Congress wanted the FSLIC to be able to act quickly and decisively in reorganizing, operating, or dissolving a failed institution, and intended that the FSLIC's ability to accomplish these goals not be interfered with by other judicial or regulatory authorities." 756 F.2d at 1101. Notwithstanding plaintiff's contention that Congress was only concerned with *state* court interference with receiverships of *state* institutions when it amended 12 U.S.C. § 1464(d)(6)(C), the Court concludes that the congressional intent described in *Hudspeth* extends equally to federal institutions in receivership. The Fifth Circuit's conclusion that 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d) prevent any court from adjudicating claims against the insured institution in receivership therefore applies to state and federal institutions alike. Plaintiffs' claims in this matter are "switched to the administrative track by § 1464(d)(6)(C)." 756 F.2d at 1103.

■ Plaintiffs raise a number of arguments in response to the motion to dismiss, which will be addressed in the order in which they were raised. Plaintiffs argue that 12 U.S.C. § 1730(k)(1) is an express grant of jurisdiction to the federal courts over all matters in which the FSLIC is a party, including the present case. 12 U.S.C. § 1730(k)(1) provides:

> "Notwithstanding any other provision of law ... (B) any civil action, suit, or proceeding to which the [FSLIC] shall be a

party shall be deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy...."

Plaintiffs rely on dictum in *Hancock Financial Corp. v. FSLIC*, 492 F.2d 1325, 1328, n. 2 (9th Cir.1974), in which the court stated "[w]e are confident that [12 U.S.C. § 1730(k)(1)] was intended to constitute a grant of original jurisdiction, enabling the FSLIC to be sued in federal district court." As FSLIC indicates, the court in *Hancock* did not address the relationship between §§ 1730(k)(1), 1729(d) and 1464(d)(6)(C). Section 1730(k)(1) must be construed within the larger statutory framework set out by Congress for the liquidation of failed savings and loan institutions. The first phrase in § 1730(k)(1) allows suits brought by or against FSLIC to be maintained in federal court without reference to other jurisdictional provisions, such as 28 U.S.C. §§ 1331 and 1332. This congressional grant of jurisdiction is limited, however, by 12 U.S.C. § 1464(d)(6)(C); if a civil suit in federal district court is maintained against FSLIC in its capacity as receiver, that suit would "restrain or affect the exercise of powers" of the receiver, and would be statutorily prohibited. The effect of the scheme established by Congress is to remove suits against FSLIC as receiver of failed savings and loan associations to administrative adjudication, but to maintain jurisdiction in the district courts for other suits in which FSLIC is a party. The scheme thus fosters the prompt and efficient liquidation of failed institutions. *Cf. Hudspeth*, 756 F.2d at 1101. 12 U.S.C. § 1730(k)(1) does not compel this Court to maintain jurisdiction over plaintiffs' claims.

■ Plaintiffs also argue that 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d) do not divest this Court of jurisdiction to hear this case. They would not interpret the statutory language of § 1729(d) "to settle, compromise, or release claims" against an institution to encompass the function of adjudication. Plaintiffs rely on *Morris v. Jones*, 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947), and *Riehle v. Margolies*, 279 U.S. 218, 224, 49

S.Ct. 310, 312–13, 73 L.Ed. 669 (1929), for the proposition that in the absence of clear legislative intent to the contrary, adjudication is not a function of a receiver. The legislative history cited by plaintiffs in their Memorandum in Response neither establishes nor rebuts FSLIC's contention that Congress intended that FSLIC adjudicate claims. The Court is persuaded, however, that Congress did intend that FSLIC adjudicate claims against an insured institution. FHLBB regulations have contained a provision for the adjudication of claims since 1956. *See* 12 C.F.R. § 549.4(b) (21 Fed.Reg. 4548, 4553 (June 21, 1956)). Because Congress has allowed FSLIC to adjudicate claims for thirty years, and in several amendments to the statutory framework has chosen not to remove FSLIC's authority to do so, *see, e.g.*, 12 U.S.C. § 1729(d) as amended by Garn-St. Germain Depository Institutions Act of 1982, Pub.L. 97–320, 96 Stat. 1469, the Court concludes Congress intended that FSLIC exercise adjudicatory powers. *Cf. Red Lion Broadcasting Co. v. FCC*, 395 U.S. 367, 381, 89 S.Ct. 1794, 1802, 23 L.Ed.2d 371 (1969); *Udall v. Tallman*, 380 U.S. 1, 16–17, 85 S.Ct. 792, 801–02, 13 L.Ed.2d 616 (1965). Moreover, the Fifth Circuit considered and expressly refuted the authorities cited and argument made here by plaintiffs. *See Hudspeth*, 756 F.2d 1102, n. 5 ("The regulations ... are evidence that adjudication *is* a receivership function in FSLIC receiverships"). This Court agrees that Congress intended for FSLIC to adjudicate claims.

Plaintiffs argue that adjudication of the status of the assets that Westside allegedly held in trust for plaintiffs (i.e., whether plaintiffs have an ownership interest in the assets) will not "restrain or affect" the exercise of powers and functions of the receiver. But the very pendency of this action affects the ability of FSLIC to adjudicate and liquidate the assets of Westside. An analogy to the bankruptcy context is useful. 11 U.S.C. § 362 imposes an automatic stay that prevents even the continuation of any proceeding against the debtor, and forbids any act to create, perfect, or

enforce any lien against the estate or property of the debtor once the petition in bankruptcy is filed. In order to foster efficient administration of the bankruptcy estate, Congress has decided that it is necessary to stay all actions against the estate outside of the bankruptcy court. *See Matter of Holtkamp,* 669 F.2d 505 (7th Cir.1982). The stay fully extends to declaratory judgments to establish rights to property of the debtor. *See In re Stack Steel & Supply Co.,* 28 B.R. 151 (Bankr.Wash.1983). Similarly, 12 U.S.C. § 1729(d) removes all claims against the receivership to a single forum, and 12 U.S.C. § 1464(d)(6)(C) effectively stays judicial action with respect to those claims in any other forum. The policies enhancing administration and liquidation of bankruptcy estates or failed financial institutions pertain in both settings. Just as plaintiffs would be stayed from proceeding with this action were their claims against the bankruptcy estate, they are precluded from maintaining their civil action against FSLIC. Regardless of the legal interest created in plaintiffs by the Participation Agreement, *see* Note, Classification of Loan Participations Following the Insolvency of Lead Bank, 62 Tex.L.Rev. 1115 (1984), plaintiffs seek to maintain in this Court claims against Westside, and that practice "restrains or affects" the receivership. *See Norwood Federal Savings and Loan Ass'n,* No. 85–0792–E (S.D.Cal., August 12, 1985).

■ Plaintiffs assert that in delegating authority to adjudicate claims to FSLIC and FHLBB, Congress has delegated judicial power to an administrative agency in violation of U.S. Const., art. III. Plaintiffs cite *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). But as the Supreme Court has since recognized, *Marathon* holds only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review. *Thomas v. Union Carbide Agricultural Products*

*Co.,* —— U.S. ——, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). Unlike the bankruptcy court in *Marathon,* the FSLIC does not possess authority to render final judgment or issue binding orders. The exercise of FSLIC powers is constrained by the review of their actions that a party may procure under the Administrative Procedure Act. *See* 5 U.S.C. §§ 701 *et seq.; Hudspeth,* 756 F.2d at 1103; *Rembold v. Gibralter Savings & Loan Ass'n, supra; First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n,* 531 F.Supp. 251 (D.Hawaii 1981). The preliminary adjudication of plaintiffs' claims by FSLIC, subject to judicial review, does not offend the principle of separation of powers under Article III.

■ Plaintiffs ask the Court to rule that dismissal of the case will violate their rights to due process under the Fifth Amendment. The Court declines to reach the due process issue. The Article III limitation of a "Case or Controversy" includes limitations on the exercise of judicial powers. *Poe v. Ullman,* 367 U.S. 497, 503, 81 S.Ct. 1752, 1755, 6 L.Ed.2d 989 (1961). To the extent that questions of "ripeness" involve the exercise of judicial restraint from unnecessary decision of constitutional issues, the Court is required to decide whether to exercise restraint. *Blanchette v. Connecticut General Insurance Co.,* 419 U.S. 102, 138, 95 S.Ct. 335, 355–56, 42 L.Ed.2d 320 (1974) ("Regional Rail Reorganization Act Cases"). The party claiming that legislation is unconstitutional must be able to show that he has sustained or is immediately in danger of sustaining some direct injury as the result of its enforcement. *Poe,* 367 U.S. at 505, 81 S.Ct. at 1756–57. Because plaintiffs cannot show that the statutory scheme set out by Congress will necessarily and immediately deprive them of the relief they seek with respect to the trust assets, they cannot show the immediate harm necessary to compel the Court to reach the constitutional due process issue. Their assertion that FSLIC is likely to prefer its own interests over their claims is rebutted by the presumption that FSLIC acts in the best inter-

ests of the whole estate. *See Womble v. Dixon*, 585 F.Supp. 728, 733 (E.D.Va.1983), *modified in part*, 752 F.2d 80, 81 (4th Cir.1984).

■ In arguing that FSLIC's construction of §§ 1464(d)(6)(C) and 1729(d) would effect an unconstitutional delegation of legislative authority, plaintiffs cite authority that has either long been discredited, *see, e.g., A.L.A. Schechter Poultry Corp. v. United States*, 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935); *Panama Refining Co. v. Ryan*, 293 U.S. 388, 55 S.Ct. 241, 79 L.Ed. 446 (1935), or is inapposite, *Thomas v. Union Carbide Agricultural Products Co.*, — U.S. —, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985) (addressing Article III, not Article I). This case is clearly within the rationale of *Fahey v. Mallonee*, 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947). *Fahey* distinguished the 1935 cases cited by plaintiffs herein because those cases (1) delegated power to make acts federal crimes; (2) delegated power in an area without settled custom or law; and (3) delegated legislative authority to private groups (*Schechter*). In upholding the constitutionality of the delegation provision of the banking laws, the Supreme Court found that (1) the provisions allowed delegation of authority for regulatory, not penal, provisions under what was then 12 U.S.C. § 1464(d); (2) the statute allowed regulation of a single enterprise that had long been regulated and closely supervised; and (3) the banking industry presented a set of well-defined customs that would give guidance to the FHLBB in exercising its authority. 67 S.Ct. at 1554. In the instant case, plaintiffs have not specified the legislative source of the unconstitutional delegation of authority, nor whether they are complaining of a delegation of authority to the FHLBB or FSLIC. The Court follows *Fahey* and concludes that the scheme established by Congress for the regulation of savings and loan associations does not unconstitutionally delegate legislative authority to the FHLBB or FSLIC.

The doctrine of primary jurisdiction is not relevant to FSLIC's motion to dismiss.

Congress has required claimants to exhaust administrative remedies before being entitled to judicial review, and has not left this Court discretion whether it or FSLIC should make the preliminary determination in the matter. *See* 4 Davis, Administrative Law Treatise, § 22:1 *et seq.* (1983); 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d).

Accordingly, FSLIC's motion to dismiss is GRANTED.

The Clerk of this Court is directed to enter judgment in accordance with this Order.

The Clerk is further directed to send uncertified copies of this Order and the judgment to all counsel of record.