**Homer H. and Vivian BAER, et al., Plaintiffs,**

**v.**

**Robert W. ABEL and Jane Doe Abel, et al., Defendants.**

**No. C85–1581R.**

United States District Court, W.D. Washington, at Seattle.

March 21, 1986.

John Hathaway, Edwards & Barbieri, Seattle, Wash., for plaintiffs.

Marco J. Magnano, Jr., Foster, Pepper & Riviera, Seattle, Wash., for defendants Woodruffs.

William A. Helsell, Helsell, Fetterman, Martin, Todd & Hokanson, Seattle, Wash., for defendants Comforts and Dennises.

Evan L. Schwab, Bruce Lamka, Davis, Wright, Todd, Riese & Jones, Seattle, Wash., for defendants Leckenbys.

Richard Clinton, Guy Michelson, Bogle & Gates, Seattle, Wash., for Praters, Smiths, Jensens, Hogans & Littles.

Katherine Hendricks, Hendricks & Lewis, Seattle, Wash., for Abels.

Ronald M. Gould, Perkins, Coie, Stone, Olsen & Williams, Seattle, Wash., for Westside (FSLIC).

T. Dennis George, Laurie D. Kohli, George, Hull & Porter, Seattle, Wash., for Kings.

Dennis Smith, Reed, McClure, Moceri, Thonn & Moriarty, Seattle, Wash., for Westside Service Corp. and Wesfed Mortgage Corp.

## ORDER GRANTING FLSIC'S MOTIONS TO DISMISS AND REALIGN AS PLAINTIFF

ROTHSTEIN, District Judge.

THIS MATTER comes before the court on a motion to dismiss and to realign as plaintiff by Federal Savings & Loan Insurance Corporation, as receiver for defendant Westside Federal Savings & Loan Associa-tion. Having considered the memoranda, affidavits and exhibits submitted in support of and in opposition to the motion, together with the records and files herein, the court finds and rules as follows:

## I. FACTUAL BACKGROUND

Plaintiff shareholders commenced this action against defendant Westside Federal Savings & Loan Association ("Westside") in August of 1985. They alleged that Westside violated federal and state securities laws, the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961–1968, and the Washington State Consumer Protection Act, RCW 19.86.010 *et seq.* in connection with the sale of stock in Westside. Plaintiffs also alleged fraud, misrepresentation, and negligence by West-side.

On August 30, 1985, the Federal Home Loan Bank Board ("FHLBB" or "Board") appointed the Federal Savings and Loan Insurance Corporation ("FSLIC") as receiv-er for Westside. FSLIC thereby succeeded to all the rights, powers and privileges of Westside. 12 C.F.R. § 547.7 (1985). FSLIC now asks the court to dismiss plain-tiffs' claims against FSLIC based on sover-eign immunity and lack of subject matter jurisdiction. FSLIC contends that the stat-utes governing its conduct of a receivership establish an administrative process for ad-judicating all claims against the Associa-tion, and that only after that process is completed can the court exercise jurisdic-tion over plaintiffs' claims. Moreover, FSLIC argues that, as a federal agency, it is immune from suit absent a specific waiv-er of that immunity by the United States. FSLIC asserts that Congress has not waived FSLIC's immunity and, further-more, has specifically prohibited suits against FSLIC as receiver.

Plaintiffs oppose FSLIC's motion on sev-eral grounds. They allege that the penden-cy of plaintiffs' claims in federal court will not affect FSLIC's functions as receiver, that FSLIC is amenable to suit when it stands in the shoes of an association in receivership, and that Congress statutorily waived FSLIC's immunity. Plaintiffs also challenge the constitutionality of the ad-

ministrative scheme as described by FSLIC.

## II. STATUTORY FRAMEWORK

Two federal statutes control in the instant case: the Home Owners' Loan Act of 1933 ("HOLA"), as amended, 12 U.S.C. §§ 1461–1468, which created the Federal Savings and Loan Association system, and Title IV of the National Housing Act of 1934 ("NHA"), as amended, 12 U.S.C. §§ 1724–1730, which created the Federal Savings and Loan Insurance Corporation.

Through the HOLA, Congress established the savings and loan system to insure that the public would have investment opportunities and sources for home financing, and placed the system under the control of the FHLBB. 12 U.S.C. § 1464(a). The Board was given broad discretionary powers to control the operation of the system, see 12 U.S.C. § 1464, including the discretion to appoint a receiver or conservator for any institution if the Board determined that statutory grounds existed. 12 U.S.C. § 1464(d)(6); 12 C.F.R. § 547.1–547.3. The Board was also authorized to promulgate rules and regulations governing the liquidation of an association and the conduct of receiverships. 12 U.S.C. § 1464(d)(11). No court may interfere in a receivership unless expressly authorized by the statute or the Board. 12 U.S.C. § 1464(d)(6)(C).

Through the NHA, Congress created FSLIC as a corporation, an agency, and an instrumentality of the United States, and placed it under the direction of the Board. 12 U.S.C. §§ 1725(c), 1730(k)(1). FSLIC was empowered to make contracts, sue and be sued, insure accounts of savings and loan associations, and take other actions in furtherance of its purpose. See, 12 U.S.C. §§ 1725–1730. Civil actions to which FSLIC is a party are deemed to arise under federal law, and the federal district courts are given jurisdiction. 12 U.S.C. § 1730(k)(1).

FSLIC's purpose is to maintain the financial stability of the savings and loan system and to protect the depositors and creditors of savings institutions. 12 U.S.C. §§ 1724, 1726(b), 1729(f), 1730. To accomplish this purpose, Congress gave FSLIC broad powers to supervise and control financial institutions together with their officers and directors. See, 12 U.S.C. §§ 1726(b), 1727(b), (c), (h), 1729(f), 1730. The NHA also authorizes FSLIC to function as receiver of an association, directing FSLIC to liquidate the association or to proceed as it deems appropriate and in the best interests of the association, its depositors and FSLIC itself, 12 U.S.C. § 1729(b). As receiver, FSLIC can settle, compromise or release claims against the institution, subject only to the regulation of the FHLBB. 12 U.S.C. § 1729(d).

The FHLBB has published regulations governing FSLIC's conduct of a receivership, 12 C.F.R. §§ 548.2, 549, including its specific powers and duties with regard to creditors' claims. 12 C.F.R. § 549.4–549.8. "Any claim" must be presented to FSLIC and "proved to its satisfaction." 12 C.F.R. § 549.4(b). FSLIC may disallow part or all of "any creditor claim ... not so proved." *Id.* This determination is appealable to the Board. *See,* 12 C.F.R. § 549.4(b)–(d).

## III. LEGAL ARGUMENT

### A. *Power to Adjudicate Claims*

■ FSLIC contends that when Congress established the legislative framework for the regulation of the savings and loan association system in the HOLA and the NHA, it authorized FSLIC as receiver to initially adjudicate plaintiffs' claims. The statutory language empowers FSLIC to resolve claims against the failed institution and to do anything necessary in connection with its liquidation, subject only to the regulation of the FHLBB. 12 U.S.C. § 1729(d). In addition, the statutes prohibit any court from restraining or affecting the exercise of powers or functions of a receiver. 12 U.S.C. § 1464(d)(6)(C). A claimant who is dissatisfied with FSLIC's determination can seek administrative review by the FHLBB, followed by judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701–706. *See North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096, 1103 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *First*

size that both the current federal regulations and proposed expanded regulations detailing FSLIC's powers as receiver include only powers traditionally granted to receivers, such as the power to carry on the business of a failed institution, to collect and pay off creditors' claims, and to establish priorities as to claims against the association. *See* 12 C.F.R. §§ 548.2, 549.4; Proposed 12 C.F.R. §§ 569c.6, 569c.11, at 50 Fed.Reg. 48,991, 48,995 (Nov. 27, 1985). The regulations do not authorize FSLIC to adjudicate plaintiffs' legal claims. In fact, both the current and the proposed regulations expressly empower FSLIC to "maintain, defend, intervene, and otherwise participate in any legal proceeding by or against the ... association ..." 12 C.F.R. § 548.2(f), 549.3(a); Proposed 12 C.F.R. § 569c.6(c)(3) at 50 Fed.Reg. 48,991 (Nov. 27, 1985). Plaintiffs allege, therefore, that Congress intended FSLIC to participate in and defend lawsuits instead of adjudicating them, and, furthermore, that FSLIC's defense of this lawsuit would not interfere with its ability to fulfill any of its traditional functions as receiver.

Unfortunately for plaintiffs, the plain language of 12 U.S.C. § 1729(d) specifies that FSLIC has the power to resolve *all* claims against the association, subject only to the regulation of the FHLBB. Furthermore, Board regulations expressly authorize FSLIC to hear all claims and to allow only those proved to its satisfaction. *See* 12 C.F.R. § 549.4(b). Administrative review by the Board of FSLIC's rulings is available. *See,* 12 C.F.R. §§ 549.4(b), (d). Following the Board's review, a claimant can appeal the determination to federal court. *See Hudspeth,* 756 F.2d at 1103. In the interim, no court may restrain or affect the exercise of powers of a receiver. 12 U.S.C. § 1464(d)(6)(C). Thus, the statute and regulations establish an administrative scheme in which FSLIC has the power to adjudicate claims. *Hudspeth,* 756 F.2d at 1102–3; *First American Savings Bank v. Westside Federal Savings and Loan Association,* 639 F.Supp. 93 (W.D.Wash.1986); *Norwood Federal Savings & Loan Association v. California Heritage Bank,* No.

85–0792–E (S.D.Cal. Aug. 12, 1985); *Glen Ridge I Condominiums, Ltd. v. Federal Savings & Loan Insurance Corp.,* No. CA 3–85–1709–R (N.D.Tex. Sept. 27, 1985) [Available on WESTLAW, DCTU database].

FHLBB regulations have contained a provision for the adjudication of claims since 1956. *See* 12 C.F.R. § 549.4(b) at 21 Fed.Reg. 4548, 4553 (June 21, 1956). As another court in this district recently held, "because Congress has allowed FSLIC to adjudicate claims for thirty years, and in several amendments ... has chosen not to remove FSLIC's authority to do so, ... the Court concludes Congress intended that FSLIC exercise adjudicatory powers." *First American Savings Bank,* slip op. at 11.

There is no inconsistency between FSLIC's power to defend against lawsuits and the court's lack of subject matter jurisdiction to hear claims against the receiver. FSLIC would require such power if only to appear in court and to move for dismissal of claims filed against it, or to defend its determinations in judicial review of its actions.

Moreover, allowing plaintiffs to pursue litigation would restrain FSLIC from fulfilling its role as receiver in violation of 12 U.S.C. § 1464(d)(6)(C). Resolution of the merits of a claim outside the administrative process would delay the distribution of assets; impair FSLIC's ability to recoup its insurance payments; and possibly deplete FSLIC's limited reserves. Such a possibility prompted Congress to safeguard FSLIC's financial integrity by extending FSLIC's receivership powers to state as well as federal associations. *See* S.Rep. No. 1263, 90th Cong. 2nd Sess., *reprinted in* 1968 U.S. Code Cong. & Ad. News 2530, 2535–38. The regulations mandate *pro rata* recoupment of claims when insufficient funds exist to pay claims in full, *see* 12 C.F.R. § 569a.7(e); Proposed 12 C.F.R. § 569c.11 at 50 Fed.Reg. 48,995. Thus, unnecessary litigation expenses which reduce the assets of the association are detrimental to all creditors. *See* 12 C.F.R. §§ 549.3(b)(1), 569a.7(a)(1). Currently,

*Savings & Loan Association v. First Federal Savings & Loan Association,* 531 F.Supp. 251, 254 (D.C.Hawaii 1981). Thus, according to FSLIC, the plain language of the legislation establishes an administrative procedure for resolution of claims against the receiver, and precludes federal court jurisdiction until the administrative process is complete. *See Hudspeth,* 756 F.2d at 1101–03.

Plaintiffs oppose this interpretation of the statutes on several grounds. First, they assert that the statutes do not empower FSLIC as receiver to adjudicate claims arising under federal and state laws or under the common law. Plaintiffs emphathere are five cases pending against Westside in the Western District of Washington. Defense of these complex litigations is a significant drain on Westside's depleted assets. They constitute an obstacle to FSLIC's ability to carry out its statutory mandate to protect the association, its depositors and the Corporation, and to pay all valid credit obligations. *See* 12 U.S.C. § 1729(b)(1). FSLIC has moved to intervene as plaintiff in the three cases against Westside pending in this court, insuring that claims against the defendants will be prosecuted.

### B. Express Jurisdiction

■ Plaintiffs next contend that several federal statutes specifically provide for *federal* court jurisdiction over plaintiffs' securities and RICO claims, thereby granting plaintiffs the right to pursue their claims in that forum rather than through the administration process. *See* 15 U.S.C. § 77v; 15 U.S.C. § 78aa; 18 U.S.C. §§ 1964(c), 1965; 28 U.S.C. § 1331. In fact, the federal district courts have exclusive jurisdiction over claims under the 1934 Securities Act. 15 U.S.C. § 78aa. *See Clark v. Watchie,* 513 F.2d 994, 997 (9th Cir.), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975). Even more to the point, the statute governing FSLIC's receivership contains an express grant of jurisdiction to the federal courts over all matters in which FSLIC is a party. 12 U.S.C. § 1730(k)(1). Relying on dictum in a Ninth Circuit case that § 1730(k)(1) was intended to constitute a

grant of jurisdiction enabling FSLIC to be sued in federal court, *Hancock Financial Corp. v. Federal Savings & Loan Insurance Corp.,* 492 F.2d 1325, 1328 n. 2 (9th Cir.1974), plaintiffs allege that Congress did not intend to limit the federal court's jurisdiction over plaintiffs' claims. The assert that the plain language of jurisdiction controls "absent a clearly expressed legislative intention to the contrary." *Powell v. Tucson Air Museum Foundation of Pima County,* 771 F.2d 1309, 1311 (9th Cir.1985).

Plaintiffs' reliance on the express statutory grants of jurisdiction fails for several reasons. First, the grants of jurisdiction have been held to merely establish the jurisdiction of the federal court to hear such claims rather than state courts. *See Katin v. Apollo Savings,* 460 F.2d 422, 425 n. 5 (7th Cir.1971), *cert denied,* 406 U.S. 918, 92 S.Ct. 1767, 32 L.Ed.2d 117 (1972); *Federal Savings & Loan Insurance Corp. v. Krueger,* 435 F.2d 633, 636 (7th Cir.1970). Second, nothing in the cited jurisdictional provisions contradicts the express limitations of jurisdiction contained in 12 U.S.C. § 1464(d)(6)(C), which specifies that "no court may ... restrain or affect the exercise of powers or functions of ... a receiver." *Id.* When § 1730(k)(1) is construed within the larger statutory framework governing receiverships and federal savings and loan associations, it is evident that Congress has established an administrative process for the liquidation of failed associations in which all claims must first be presented to FSLIC as receiver.

Once administrative procedures are established, they must be treated as exclusive. *Whitney National Bank v. Bank of New Orleans & Trust Co.,* 379 U.S. 411, 420, 85 S.Ct. 551, 557, 13 L.Ed.2d 386 (1965). To go directly into court would "frustrate the objectives of federal law." *See Silkwood v. Kerr-McGee Corp.,* 464 U.S. 238, 256, 104 S.Ct. 615, 626, 78 L.Ed.2d 443 (1984). Thus, several courts have dismissed claims against FSLIC involving claims under the 1934 Securities Act and the RICO Act, *See Norwood Federal Savings & Loan,* slip op. at 1, 4; *Glen Ridge I Condominiums,* slip op. at 2, claims involv-

ing state law causes of action, *see Hudspeth*, 756 F.2d at 1099 (breach of contract); *First American Savings Bank*, 639 F.Supp. at 95, 97 (state securities laws and trade violations under state laws), and common law claims, *see Norwood Federal Savings & Loan*, slip op. at 1, 4 (common law fraud).

Plaintiffs quote extensively from the legislative history of § 1464 to prove that FSLIC misinterprets § 1464(d)(6)(C) when it asserts that the section deprives this court of jurisdiction over FSLIC as receiver. The legislative history cited does not establish or rebut plaintiffs' interpretation that § 1464 refers only to the court's ability to remove a receiver. Nor does it contradict FSLIC's contention that Congress intended to require the use of an administrative process for the determination of claims. The legislative history does underscore Congress' intent to give FSLIC the authority to resolve problems as quickly and efficiently as possible, while safeguarding individual interests through administrative and judicial review of FSLIC's determinations. *See* S.Rep. No. 1482, 89th Cong., 2nd Sess., *reprinted in* 1966 U.S. Code Cong. & Ad. News 3532, 3536; *Financial Institutions Supervisory Act of 1966: Hearings on S. 3158 Before a Subcommittee of the Senate Committee on Banking and Currency*, 89th Cong., 2nd Sess., p. 15–16 (1966) (Statement of John Horne, Chairman of the FHLBB). Moreover, in extending this provision to receiverships of state institutions, Congress confirmed that FSLIC, when "carrying out its receivership responsibilities ... would be subject only to the regulations of the Federal Home Loan Bank Board ..." S.Rep. No. 1263, 90th Cong., 2nd Sess. 10, *reprinted in* 1968 U.S. Code Cong. & Ad. News 2530, 2539.

## C. Sovereign Immunity

■ In addition to its argument based on statutory interpretation, FSLIC asserts that plaintiffs' claims against FSLIC must be dismissed on the grounds of sovereign immunity. Because FSLIC is an agency of the United States, *see* 12 U.S.C. § 1730(k)(1)(A), it is immune from suit un-

less Congress waives the immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985). FSLIC argues that §§ 1464 and 1729 expressly prohibit suits against FSLIC as receiver, thus lending support to its contention that Congress has not waived the FSLIC's immunity. Alternatively, FSLIC asserts that any congressional waiver of immunity was limited by §§ 1464 and 1729 to exclude suits against FSLIC as receiver.

In opposition, plaintiffs contend that Congress waived FSLIC's sovereign immunity when it allowed FSLIC to sue or be sued, 12 U.S.C. § 1725, and concurrently established federal court jurisdiction over actions to which FSLIC is a party, 12 U.S.C. § 1730(k)(1). The Supreme Court has held that the "sue and be sued" language found in § 1725 waives immunity, making the agency as amenable to judicial process as a private enterprise under like circumstances would be. *Federal Housing Administration v. Burr*, 309 U.S. 242, 245, 60 S.Ct. 488, 490, 84 L.Ed.2d 724 (1940). Thus, the Congressional grant of jurisdiction incorporated in 12 U.S.C. § 1730 enables FSLIC to be sued in federal district court. *Hancock*, 492 F.2d at 1328 n. 2.

■ However, waivers of sovereign immunity must be expressed unequivocally and must be strictly construed. *Ruckleshause v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 3277–78, 77 L.Ed.2d 938 (1983); *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *Togol v. Donovan*, 762 F.2d 727, 730 (9th Cir.1985). The court's jurisdiction is limited by the express language of the consent to be sued, which may be limited and conditioned. *See Mitchell*, 445 U.S. at 538, 100 S.Ct. at 1351; *Honda v. Clark*, 386 U.S. 484, 501, 87 S.Ct. 1188, 1197, 18 L.Ed.2d 244 (1967); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir.1982). Congress can impose a condition that claims be brought in a specific manner, *see Payne v. Panama Canal Co.*, 607 F.2d 155, 163 (5th Cir.1979), or that administrative remedies be exhausted before federal court jurisdiction exists. *See Genson v. Ripley*, 544 F.Supp. 251, 252 (D.C.Ariz.

1981), *aff'd*, 681 F.2d 1240, 1241 (9th Cir.), *cert denied*, 459 U.S. 937, 103 S.Ct. 245, 74 L.Ed.2d 193 (1982). Statutory provisions which grant jurisdiction do not by themselves waive sovereign immunity. *Mitchell*, 445 U.S. at 538, 100 S.Ct. at 1351; *South Delta Water Agency v. United States*, 767 F.2d 531, 535 (9th Cir.1985); *Holloman v. Watt*, 708 F.2d 1399, 1401 (9th Cir.1983), *cert denied*, 466 U.S. 958, 104 S.Ct. 2168, 80 L.Ed.2d 552 (1984). Here, Congress has forbidden courts to interfere with the powers and functions of FSLIC as receiver, 12 U.S.C. § 1464(d)(6)(C), and authorized only the FHLBB to regulate FSLIC. 12 U.S.C. § 1729(d). Claims against FSLIC must be brought pursuant to the administrative process with judicial review available only after this process is completed. *Hudspeth*, 756 F.2d at 1101–03. Thus, the statutory language clearly limits any waiver contained in § 1725, and deprives this court of subject matter jurisdiction until the administrative process is complete.

■ Plaintiffs allege, however, that they are not suing FSLIC in its capacity as receiver, but rather in its position as successor in interest to the liabilities of Westside. In support of this distinction, they draw an analogy to suits against the Federal Deposit Insurance Corporation ("FDIC"). The courts have ruled that when the FDIC acts in its capacity as federal insurer it is immune from suit. *Federal Deposit Insurance Corp. v. Glickman*, 450 F.2d 416, 418 (9th Cir.1971). However, when the FDIC substitutes itself as a defendant in place of a defaulting association, the courts have held it "stands in the shoes of the insolvent bank" and is, therefore, amenable to suit. *Id.; DeLorenzo v. FDIC*, 259 F.Supp. 193, 197 (S.D.N.Y.1966). Plaintiffs rely on the legislative history of § 1730(k)(1), which indicates that the statutes governing FSLIC's ability to sue and be sued are intended to parallel similar statutes governing the Federal Deposit Insurance Corporation ("FDIC"), 12 U.S.C. § 1819. S.Rep. No. 1482, 89th Cong., 2nd Sess., *reprinted in* 1966 U.S. Code Cong. & Ad. News 3532, 3550.

This argument is without merit. The jurisdictional and "sue and be sued" provisions of the two statutes were intended to be, and are similar. The FDIC enabling statute, however, contains no provision comparable to that in 12 U.S.C. § 1464(d)(6)(C), prohibiting interference with FSLIC as receiver by any court. Accordingly, cases concerning the FDIC's amenability to suit are inapplicable to issues presented here.

Furthermore, Westside has ceased to exist, for all practical purposes, leaving FSLIC as the only party against which relief can be sought. *American Federal Savings and Loan Association v. Westside Federal Savings & Loan Association*, No. C85–323C, slip op. at 4–5 (W.D.Wash. Feb. 4, 1986); *First American Savings Bank*, 639 F.Supp. at 96. As such, plaintiffs' legal claims against Westside have been converted into equitable claims against FSLIC for a *pro rata* share of the receivership estate. These claims must be asserted in the administrative forum established by Congress. *See* 12 U.S.C. § 1729(b); 12 C.F.R. § 549.4; *Hudspeth*, 756 F.2d at 1101–03. Current case law does not recognize the distinction which plaintiffs attempt to draw between a suit against FSLIC in its capacity as receiver and one against FSLIC as a successor to Westside. *See Hudspeth*, 756 F.2d at 1099 (dismissing counterclaims for breach of contract against failed institution); *American Federal*, slip op. at 8–17 (dismissing claims against Westside for fraud, breach of trust, breach of contract, and federal securities law violations). Because the claims against FSLIC have not been presented in the administrative forum, plaintiffs have not complied with the conditional waiver of immunity. Thus, plaintiffs' claims must be dismissed.

### D. Constitutional Claims

#### 1. Improper Delegation of Judicial Power

Plaintiffs allege that the delegation of authority to FSLIC and FHLBB to adjudicate all claims violates Article III of the Constitution because plaintiffs' claims must be heard in an Article III tribunal.

Citing *Northern Pipeline Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 86 n. 39, 102 S.Ct. 2858, 2879 n. 39, 73 L.Ed.2d 598 (1980), plaintiffs also argue that the administrative procedures used by FSLIC violate the protections and policies mandated by Article III for all stages of adjudication, and not only on appeal. Thus, adjudication by FSLIC offends the principle of separation of powers.

However, the Supreme Court has stated that *Marathon* "establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without consent of the litigants, and subject only to ordinary appellate review." *Thomas v. Union Carbide Agricultural Products Co.*, —— U.S. ——, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985). FSLIC is not empowered to render final judgment or issue binding orders. Judicial review of all FSLIC decisions is available under the APA. *See* 5 U.S.C. §§ 701 *et seq.; Hudspeth*, 756 F.2d at 1103; *First Savings & Loan Association v. First Federal Savings & Loan Association*, 531 F.Supp. 251, 254 (D.Hawaii 1981). The Supreme Court has recognized that Congress can vest decision-making authority in administrative agencies even though private interests are thereby affected. *Thomas*, 105 S.Ct. at 3334. Administrative determination subject to judicial review does not violate the Article III principle of separation of powers.

### 2. Right to Trial by Jury

■ Plaintiffs next allege that resolution of their claims by FSLIC would deprive them of their constitutional right to jury trial. The Seventh Amendment to the United States Constitution requires trial by jury for suits at common law or for congressionally created causes of action under federal law involving rights and remedies recognized at common law. *Atlas Roofing*

*Co., Inc. v. Occupational Safety & Health Review Commission*, 430 U.S. 442, 449, 97 S.Ct. 1261, 1266, 51 L.Ed.2d 464 (1977). Similar requirements exist under the Washington Constitution. *Brown v. Safeway Stores*, 94 Wash.2d 359, 365, 617 P.2d 704 (1980). Plaintiffs contend that because their claims are primarily legal claims between private parties, they are constitutionally entitled to a jury trial.

■ This contention is without merit as "it has long been settled that the Seventh Amendment right to trial by jury does not apply in actions against the Federal Government." *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981). Moreover, if the government consents to be sued, the plaintiff has a right to trial by jury only when Congress expressly grants such a right. *Lehman*, 453 U.S. at 160–61, 168, 101 S.Ct. at 2701–02, 2705. The Supreme court has frequently affirmed congressional authority to commit factfinding functions and initial adjudications to an administrative forum without violating the seventh amendment.[1] *See Atlas Roofing*, 430 U.S. at 450–455, 97 S.Ct. at 1266–69, and cases cited therein.

### 3. Due Process

■ Plaintiffs argue that their claims under federal and state law are protected property rights to which the due process clause of the fifth and fourteenth amendments applies. Thus, an administrative process, without the opportunity to cross-examine witnesses or present testimony, and with an interested party as adjudicator, deprives plaintiffs of their rights to due process of law. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428–30, 102 S.Ct. 1148, 1153–55, 71 L.Ed.2d 265 (1982); *Ward v. Village of Monroeville*, 409 U.S. 57, 93 S.Ct. 80, 34 L.Ed.2d 267 (1972); *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970).

---

**1.** For claims under the Washington Constitution, the doctrine of federal preemption dictates that no interpretation of state law can broaden the federal government's waiver of sovereign immunity or nullify conditions that Congress has imposed on that waiver. U.S. Const. Art. VI, cl. 2.

Plaintiffs' arguments are premature. Unless the plaintiffs can show they have sustained or are in immediate danger of sustaining some direct injury as the result of the enforcement of the statutory scheme, the court declines to reach the due process issue. *See Poe v. Ullman,* 367 U.S. 497, 503–505, 81 S.Ct. 1752, 1755–57, 6 L.Ed.2d 989 (1961). The court will defer a decision on the question of administrative procedure until after the completion of the administrative process. *Federal Trade Commission v. Standard Oil,* 449 U.S. 232, 242–45, 101 S.Ct. 488, 494–96, 66 L.Ed.2d 416 (1980); *Ward,* 409 U.S. at 57–58, 93 S.Ct. at 80–82.

4. Unconstitutional Delegation of Legislative Authority

 Plaintiffs' final argument is that allowing administrative adjudication of plaintiffs' claims is an unconstitutional delegation of legislative power because no standards exist to guide the agency's discretion. *See A.L.A. Schecter Poultry Corp. v. United States,* 295 U.S. 495, 55 S.Ct. 837, 79 L.Ed. 1570 (1935). However, this case clearly falls within the rationale of *Fahey v. Mallonee,* 332 U.S. 245, 67 S.Ct. 1552, 91 L.Ed. 2030 (1947), in which the Supreme Court ruled that congressional delegation of powers to the FHLBB under HOLA was not an unconstitutional delegation of power. *Id.* at 249–53, 67 S.Ct. at 1553–56. Moreover, FSLIC's determination is subject to review by FHLBB and then by the federal court. Thus, plaintiffs' allegation of uncontrolled discretion is disingenuous.

For all the above reasons, plaintiffs' claims must be dismissed.

## IV. REALIGNMENT OF FSLIC AS PLAINTIFF

FSLIC has asserted claims against Westside's former officers and directors, making its true interests those of a plaintiff in this action. FSLIC should be realigned as a plaintiff in line with those interests. *See Dolch v. United California Bank,* 702 F.2d 178, 181 (9th Cir.1983).

Plaintiffs' concerns that FSLIC's position as plaintiff might undermine their position are speculative, and insufficient to deny FSLIC's realignment. The interests of both parties are congruent with regard to the principal purpose of the suit and the primary matter in dispute. Thus realignment is appropriate. *See City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 16–17, 86 L.Ed. 47 (1941).

Given these reasons and the court's ruling above, it is clear that FSLIC is the appropriate plaintiff in this action and its motion to realign as plaintiff is hereby GRANTED.

## V. MOTION TO STRIKE AND MOTION TO SHORTEN TIME

In light of the court's decision to grant FSLIC's motion to dismiss, FSLIC's remaining motions to strike and to shorten time are moot.

IT IS SO ORDERED.