SUNRISE SAVINGS AND LOAN ASSO-
CIATION, a Federal Savings and
Loan Association, Plaintiff,

v.

LIR DEVELOPMENT COMPANY, et
al., Defendants,

v.

The FEDERAL SAVINGS AND LOAN
INSURANCE CORPORATION, Defend-
ant Joined on the Counterclaim (Three
Cases).

Nos. 86–8274–CIV to 86–8276–CIV.

United States District Court,
S.D. Florida,
Fort Lauderdale Division.

Aug. 21, 1986.

Lawrence J. Phalin, Mateer & Herbert,
P.A., Orlando, Fla., for Codisco, Inc. d/b/a
Coastline Distributing.

Peter W. Margolin, Gardner & Margolin,
Boca Raton, Fla., for Leisure Landscaping
of South Florida, Inc.

James S. Lupino, Law Office of James
Lupino, P.A., Coral Gables, Fla., for Lones-
tar Florida, Inc.

Abraham I. Marglin, Certilman, Haft, Le-
bow, Balin Buckley & Kremer, Boca Raton,
Fla., for Marko Redevelopment Corp.

Lawrence W. Smith, Gary, Dytrych &
Ryan, P.A., North Palm Beach, Fla., for
Cape Intern.

Andrew M. Dector, Goldberg, Young &
Borkson, Fort Lauderdale, Fla., for Ramah.

Christopher H. Schilling, Schilling,
O'Hara & Kramer, North Palm Beach, Fla.,
for Tartan Laver Delray, Inc., Tartan
Management, Kerry Laver & John Denvir
for Ian R. Laver.

Geoffrey C. Burdick, Burdick & Daves,
West Palm Beach, Fla., for BFD Holdings
and High Country Corp.

M. Lanning Fox, Warner, Fox & Seeley,
P.A., Stuart, Fla., for Frank A. Froehling,
III.

Romney C. Rogers, Rogers, Morris &
Ziegler, Ft. Lauderdale, Fla., for Gemaire
Dist. Inc.

William H. Benson, Benson, Large, Sta-
lion & Moyle, Ft. Lauderdale, Fla., for
Safeway Steel Landmark First Nat. Bank
Bldg.

Garry W. O'Donnell, Ruden, Barnett,
McClosky, Schuster & Russell, P.A., Ft.

Lauderdale, Fla., for Conrad Harvey, Ltd. and Harry Schwartz.

David Rogero, Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, Fla., for plaintiff.

James M. Porter, Squire, Sanders & Dempsey, Miami, Fla., for Federal Sav. & Loan Ins. Corp.

Elizabeth Bohn, Hyat, Hyat & Landau, Miami, Fla., for General Elec.

ZLOCH, District Judge.

THIS MATTER is before the Court upon the Third-Party Defendant, The Federal Savings and Loan Insurance Corporation's ("FSLIC"), Petition For Removal (DE 1); FSLIC's Motion to Dismiss the Third-Party Complaint of the Defendant/Third-Party Plaintiff, Conrad Harvey, Ltd. (DE 4) ("Defendant Harvey"); the Plaintiff, Sunrise Savings and Loan Association's, ("New Sunrise") Motion To Remand State Claims (DE 15) and the Plaintiff, New Sunrise's, Motion For Leave To File Its Second Amended Complaint (DE 17).

On July 18, 1985, Sunrise Savings and Loan Association ("Old Sunrise"), a state-chartered savings and loan association, failed. On that same day, the Federal Home Loan Bank Board ("Bank Board") appointed the FSLIC receiver of Old Sunrise.

Also on July 18, 1985, the FSLIC transferred substantially all the assets and liabilities of Old Sunrise to a newly chartered association, New Sunrise.

New Sunrise subsequently filed three (3) mortgage foreclosure actions in Circuit Court, Fifteenth Judicial Circuit, West Palm Beach, Florida regarding mortgages allegedly then in default. These were Palm Beach Circuit Court Case Nos. 85–7977 CA(L)O, 85–8018 CA(L)O, and 85–8019 CA(L)O.

Defendant Harvey is a Defendant in each of the New Sunrise foreclosure actions.

Thereafter, on or about April 17, 1986, FSLIC was served with a Third-Party Complaint and Summons in each of the three (3) above-mentioned mortgage foreclosure actions, wherein the Defendant Harvey alleges, inter alia, that the FSLIC upon its appointment as receiver, became liable for the allegedly improper prior conduct of Old Sunrise.

On May 15, 1986, FSLIC, pursuant to 12 U.S.C. Section 1730(k)(1)(C), removed all three of the aforementioned mortgage foreclosure actions to this Court. The three foreclosure actions were assigned the following Southern District Case Numbers: 86–8274–CIV–ZLOCH, 86–8275–CIV–GONZALEZ, and 86–8276–CIV–ROETTGER. These three cases were eventually consolidated with Case No. 86–8274–CIV before the undersigned.

The FSLIC was appointed receiver for Old Sunrise by the Bank Board pursuant to the Bank Board's authority under 12 U.S.C. Sections 1725(a), and 1729(c). By reason of its appointment, the FSLIC, as receiver, was authorized to exercise all powers, rights and privileges and to perform and discharge all duties, responsibilities, and obligations of a federally appointed receiver, subject only to the jurisdiction of the Bank Board. 12 U.S.C. Sections 1729(b), (c) and (d).

The Court notes that 12 U.S.C. Section 1729(d) was part of the Bank Protection Act of 1968, which empowered the Federal Home Loan Bank Board to appoint the FSLIC as federal receiver of state-chartered financial savings institutions. The Bank Protection Act also made 12 U.S.C. Section 1464(d) applicable to such "federalized" receiverships. See 12 U.S.C. Section 1729(c)(3)(A).

The Defendant Harvey, in his Third-Party Complaint, alleges that the FSLIC:

> ... had actual and constructive knowledge of the acts, omissions, representations and other illegal conduct of [Old Sunrise] and agreed with, acquiesced in, or ratified these matters by continuing the business of [Old Sunrise] ... thereby ... becoming liable for the illegal conduct of [Old Sunrise] and its officers, employees and agents.

(See Third-Party Complaint, Paragraph No. 17.)

12 U.S.C. Section 1464(d)(6)(C) states: Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver.

The impact of the above-cited section on a Federal District Court's original jurisdiction to hear claims against the FSLIC such as those brought by Defendant Harvey was discussed in great detail in *North Mississippi Savings and Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985) cert. denied, —— U.S. ——, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

In *Hudspeth*, the Fifth Circuit Court of Appeals in upholding the District Court, held that "original jurisdiction over the conduct of the FSLIC ... lies with the Bank Board" rather than any court. *Hudspeth*, at 1101. The Fifth Circuit cited with approval the District Court's reliance on 12 U.S.C. Section 1464(d)(6)(C), and on 12 U.S.C. Section 1729(d).

12 U.S.C. Section 1729(d) gives the FSLIC the following power and authority: In connection with the liquidation of insured institutions, the [FSLIC] shall have power ... to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board....

The Court finds that the actions of the FSLIC in transferring the assets of Old Sunrise to New Sunrise and which formed the basis for Defendant Harvey's claims against the FSLIC, were discretionary acts taken by the FSLIC pursuant to its statutory authority as receiver and, therefore, such acts are governed by the provisions of 12 U.S.C. Section 1464(d)(6)(C). *Hudspeth* confirms that under Section 1464(d)(6)(C), a Federal District Court may not entertain actions which interfere in any manner with the exercise of the FSLIC's receivership powers until a complaining party has exhausted the appropriate administrative remedies.

The Defendant Harvey in his Third-Party Complaint, complains of the actions of the FSLIC in its role as receiver. However, Defendant Harvey has failed to take these complaints before the Federal Home Loan Bank Board as required by Section 1464(d)(6)(C) and, therefore, has yet to exhaust his administrative remedies in this matter.

Pursuant to *Hudspeth*, all of Defendant Harvey's claims are switched to the administrative track by Section 1464(d)(6)(C). Defendant Harvey can challenge the FSLIC's actions before the Federal Home Loan Bank Board and, if unsatisfied, can seek judicial review under the Administrative Procedure Act. Until such time, the statute prevents Defendant Harvey from going forward in any court before seeking review before the Federal Home Loan Bank Board.

Under the facts and circumstances cited above, because federal law prohibits Federal District Courts from entertaining claims and defenses which "restrain or affect" the FSLIC's powers and functions as a receiver, and because any challenged claims that would not first be reviewed by the Federal Home Loan Bank Board as required would have the potential of precluding the FSLIC from the full exercise of its statutory receivership powers, Defendant Harvey's claims against the FSLIC are subject to dismissal for lack of subject-matter jurisdiction.

This Court having determined that the claims of the Defendant Harvey are subject to dismissal for the reasons set forth above, the Court exercises its discretion pursuant to 28 U.S.C. Section 1447(c) to remand all of the state claims to the state court. FSLIC invoked this Court's jurisdiction under 12 U.S.C. Section 1730(k)(1)(C), when it removed this matter to Federal Court.

The Court having determined to dismiss the claims against FSLIC, the principal controversy which originally gave this Court jurisdiction has been " ... eliminated early in the proceedings, and although this Court could have power to entertain the ancillary claims, the exercise of that power is discretionary." *IMFC Professional Services of Florida, Inc. v. Latin American Home Health, Inc.*, 676 F.2d 152, 160 (5th Cir. 1982). The remaining claims involve only state law and issues which are best adjudicated by the state courts applying state law. Also, this is a mortgage foreclosure action involving real property located in Palm Beach County, Florida, which would be a more convenient forum for all parties.

The Court having reviewed the court file and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. FSLIC's Petition For Removal (DE 1) be and the same is hereby DENIED and all three (3) of the above-styled causes be and the same are hereby REMANDED to the state forum for further proceedings.

2. The Motion To Dismiss The Third-Party Complaint of Defendant Harvey (DE 4) be and the same is hereby GRANTED;

3. The Motion To Remand State Claims (DE 15) be and the same is hereby GRANTED;

4. Plaintiff, New Sunrise's Motion For Leave To File Second Amended Complaint (DE 17) be and the same is hereby DENIED, without prejudice, to be renewed in the state court;

5. Any and all pending Motions in any of the above-styled causes not specifically addressed herein be and the same are hereby DENIED, without prejudice, to be renewed in the state court; and

6. The Clerk of the United States District Court is hereby directed to forward three (3) certified copies of this Order to the Clerk of the Circuit Court of the Fifteenth Judicial Circuit, in and for Palm Beach County, Florida, West Palm Beach, Florida, Circuit Court Case Nos. 85–7977 CA(L)O, 85–8018 CA(L)O and 85–8019 CA(L)O.