FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, as Conservator for Westwood Savings and Loan Association and WSL Financial Corporation, Plaintiff,

v.

HALL WHISPERTREE ASSOCIATES, Hall Woodtree Associates, Hall Wedgetree Associates, Hall Ivytree Associates, Hall Real Estate Corporation, and Hall Management Corporation, Defendants.

Civ. A. No. CA3–86–1946–D.

United States District Court,
N.D. Texas,
Dallas Division.

Aug. 29, 1986.

William K. Black, Paul Grace, Jose P. Ceppi, Federal Home Loan Bank Bd., Washington, D.C., and Darrel E. Reed, Jr. of Hutcheson & Grundy, Houston, Tex., for plaintiff.

Jay J. Madrid, Daniel C. Stewart, Jeffrey A. Hage, James J. Lee of Winstead, McGuire, Sechrest & Minick, Dallas, Tex., for defendants.

### MEMORANDUM OPINION AND ORDER

FITZWATER, District Judge.

Defendants, four Texas limited partnerships and two Texas corporations who own and operate apartment complexes in Dallas and Harris Counties, Texas, have applied for a preliminary injunction to enjoin the Federal Savings and Loan Insurance Corporation ("FSLIC") from, among other things, conducting a nonjudicial foreclosure of certain real property owned by defend-

ants. FSLIC has applied for a preliminary injunction to require defendants to pay the rents and revenues from the apartment complexes to FSLIC, to preclude defendants from assigning or disposing of such rents, and to require defendants to furnish FSLIC with an accounting.[1] FSLIC also requests that the court appoint a receiver for defendants' properties. Because the court concludes that FSLIC is statutorily immunized from defendants' injunction request, it denies the preliminary injunction application of defendants. Having thus cleared the way for FSLIC to foreclose on September 2, 1986, the court abates FSLIC's requests for a preliminary injunction and for appointment of a receiver until after foreclosure in order that FSLIC may ascertain whether the requested relief is necessary.

### I.

These matters are before the court on Fed.R.Civ.P. 43(e) affidavits, together with deposition excerpts and the record of an evidentiary hearing conducted on July 24, 1986. Given the expedited evidentiary submission and briefing schedule, which was extended through August 27, 1986, and the necessity for the court to issue its ruling prior to September 2, 1986 (with an intervening weekend and federal holiday), this memorandum opinion and order is perforce abbreviated. Nevertheless, it sets forth the dispositive findings of fact and conclusions of law[2] upon which the court predicates its decision to deny relief to defendants and to abate FSLIC's application.

As noted, defendants own and operate apartment complexes in Dallas and Harris Counties, Texas. FSLIC, as sole conservator of Westwood Savings and Loan Association ("Westwood"), holds liens on these properties, subject to underlying liens held by other financial institutions. In early 1986 defendants became unable to pay the notes in accordance with their terms. The

1. The court denied on July 25, 1986 FSLIC's application for a temporary restraining order requesting such relief.

2. In accordance with Fed.R.Civ.P. 52(a), the findings of fact and conclusions of law are set forth in this opinion.

150

parties entered into negotiations to modify the structure of the indebtedness and to work out a plan for repayment of the existing debt under modified terms and conditions. Defendants and FSLIC also entered into a letter agreement dated April 30, 1986 (the "Standstill Agreement"), which provided for defendants to make payments of net operating income ("NOI") to FSLIC in consideration for FSLIC's agreeing not to seek receivership over the properties. The Standstill Agreement was extended by letters dated May 28, 1986 and June 19, 1986. The court has previously found, based upon the July 24, 1986 evidentiary hearing, that the Standstill Agreement was not extended by a letter dated July 14, 1986 to cover the month of August 1986. The court does not now alter this factual finding.

On July 21, 1986, FSLIC filed its application for a preliminary injunction, appointment of a receiver, and for a temporary restraining order. In the request for a temporary restraining order, FSLIC asked the court to (1) require defendants to pay all rents and revenues for the month of August 1986 received from the properties in question to FSLIC, (2) preclude defendants from assigning or disposing of such rents, and (3) require defendants to furnish FSLIC with an accounting of all rents and revenues collected by defendants for the period of December 1, 1985 through July 30, 1986. As noted, FSLIC's application for temporary restraining order was denied.

After FSLIC posted the subject properties for foreclosure, defendants filed their application for injunctive relief seeking, among other things, to prevent the foreclosure.

## II.

■ The court denies defendants' application for a preliminary injunction without reaching the *Canal Authority*[3] factors. This is so because the court lacks the power to interfere with FSLIC's nonjudicial foreclosure. This court may not enjoin such a foreclosure except at the instance of

the Federal Home Loan Bank Board ("FHLBB"). 12 U.S.C. § 1464(d)(6)(C). The FHLBB is an independent agency of the executive branch of the United States government. It is responsible, among other things, for supervising and regulating federally insured savings and loan associations. 12 U.S.C. § 1437(b). It possesses the exclusive power and jurisdiction to appoint the FSLIC as the conservator of any bankrupt federally insured savings and loan. 12 U.S.C. § 1729(c)(1)(B). In connection with its appointment as conservator, the FSLIC has the power to do all things that may be necessary to settle, compromise, or release claims in favor of or against the institution, subject only to regulation of the FHLBB. 12 U.S.C. § 1729(d). Under § 1464(d)(6)(C), no court may restrain or affect the exercise of powers or functions of the FSLIC in its capacity as conservator.

Congress enacted § 1464(d)(6)(C) to enable the FSLIC to act quickly and decisively in reorganizing, operating, or dissolving a failed institution. *North Mississippi Savings & Loan Ass'n v. Hudspeth,* 756 F.2d 1096, 1101 (5th Cir.1985), *cert. denied,* —— U.S. ——, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986). Congress intended for the FSLIC to have the authority to accomplish these goals without interference from judicial or regulatory authorities. *Id.* Section 1464(d)(6)(C) has consistently been applied by federal courts to deny injunctive relief against the FSLIC in its function as conservator of failed associations, *see, e.g., First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n,* 531 F.Supp. 251 (D.Hawaii 1981) (application for injunction to enjoin the FSLIC as receiver of a failed institution to restore the failed institution's assets dismissed pursuant to § 1464(d)(6)(C)), and the Fifth Circuit's *Hudspeth* decision has been consistently followed. *See, e.g., Murdock—SC Associates v. Beverly Hills Federal Savings & Loan Ass'n,* 624 F.Supp. 948, 951 (C.D.Cal. 1985) (permitting vendor which had sold office building to savings and loan that

3. *Canal Authority of State of Florida v. Calla-*  *way,* 489 F.2d 567, 572 (5th Cir.1974).

subsequently became insolvent and went into receivership to foreclose vendor's lien on the property would constitute action affecting the function of the FSLIC as a receiver); *Rembold v. Gibraltar Savings & Loan Ass'n,* 624 F.Supp. 1006, 1007 (W.D.Wash.1985) (determination of validity, priority, and satisfaction of claims against savings and loan association in receivership was committed to FSLIC requiring presentation of claims to FSLIC and FHLBB before judicial consideration was available). FSLIC's decision to nonjudicially foreclose on defendants' properties is clearly within FSLIC's authority under § 1729(c)(1)(B) and is not subject to injunctive interference by this court.

If this court were to enjoin FSLIC from foreclosing on defendants' properties, the court would unduly encroach upon the complex regulatory scheme adopted by Congress for liquidating troubled savings and loan associations. Congress intended to provide for expedient relief which neither this nor any court should frustrate.

▮ Defendants argue that FSLIC has waived its immunity to injunction, is subject to defendants' counterclaim for recoupment, and must respond to compulsory counterclaims.[4] The court does not decide today whether defendants may prosecute their counterclaim insofar as it seeks recoupment or damages. FSLIC has filed its motion to dismiss defendants' counterclaim, which will be decided according to the briefing schedule imposed by our Local Rules. The court does hold, however, that FSLIC has not waived its immunity to defendants' request for injunctive relief.

It must be remembered that FSLIC is not seeking *judicial* foreclosure, with respect to which defendants might interpose defenses and assert counterclaims. Thus, as to the foreclosure question, FSLIC has not submitted itself to the decision-making authority of this court. Instead, FSLIC seeks only relief, in the form of a preliminary injunction and receivership, that does not implicate a waiver question. The court has reviewed the cases cited by defendants in support of their waiver contention and finds them to be inapposite. To the extent they are applicable, they do not persuade the court to vary from the Fifth Circuit's holding and reasoning in *Hudspeth.* [5]

### III.

Having cleared the way for FSLIC to foreclose, the court abates ruling on FSLIC's application for a preliminary injunction and request for appointment of a receiver. It is possible FSLIC will not require the relief it now requests.

Defendants' application for a preliminary injunction is DENIED. FSLIC's application for a preliminary injunction and request for appointment of a receiver are ABATED.

SO ORDERED.

---

4. Defendants also argue that FSLIC is susceptible to suit for injunctive relief and counterclaims because there is a question as to whether Westwood or WSL Corporation, a wholly-owned subsidiary of Westwood, is the true owner and holder of the debt instruments under which FSLIC seeks to exercise nonjudicial foreclosure rights. The burden, however, is on defendants as the preliminary injunction applicants to prove that they will prevail at trial on the claim that Westwood is not the owner of the notes. This defendants did not do.

5. Alternatively, defendants have not shown a substantial likelihood of success on the merits of their claim. The court has previously found that the Standstill Agreement was not extended to cover defendants' August note obligations. Defendants have presented in support of their preliminary injunction application the same arguments with respect to the Standstill Agreement and letter of intent that they did in opposing FSLIC's application for a temporary restraining order, which arguments the court concludes do not satisfy defendants' preliminary injunction burden.