William L. KOHLBECK, et
al., Plaintiffs,

v.

Marge M. KIS, et al., Defendants and
Third-Party Plaintiffs,

v.

Conn TATUM, et al.,
Third-Party Defendants.

No. CV 85–180–M–CCL.

United States District Court,
D. Montana,
Missoula Division.

Jan. 16, 1987.

John G. Layman, Layman, Loft, Smythe & Arpin, Spokane, Wash., Lee Kaufman, Murray, Kaufman, Vidal & Gordon, Kalispell, Mont., for plaintiffs.

Douglas G. Skjelset, Tipp, Hoven, Skjelset & Frizzell, Missoula, Mont., for Marge M. Kis, Robert W. Happ, Frank J. Palicz, Gloria M. Palicz, Dee K. Mortensen and Alva Beth Mortensen.

C. Eugene Phillips, Murphy, Robinson, Heckathorn & Phillips, Kalispell, Mont., for Montana Federal Sav. Bank, Montana Sav. and Loan, and Federal Sav. and Loan Ins. Corp.

William K. Black, Dorothy L. Nichols, James T. Lantelme, Federal Home Loan Bank Bd., Washington, D.C., Bob Brooks, Asst. U.S. Atty., Butte, Mont., for Federal Sav. and Loan Ins. Corp.

Darrell S. Worm, Measure, Ogle & Ellingson, Kalispell, Mont., for Willard Johnson and Lorene Johnson.

Edward A. Murphy, Datsopoulos, MacDonald & Lind, Missoula, Mont., for third-party defendant Conn Tatum.

## MEMORANDUM AND ORDER

LOVELL, District Judge.

### I.

This case is before the Court on several motions to dismiss.

Defendant Federal Savings and Loan Insurance Corporation (FSLIC), in its capacity as receiver for defendant Montana Federal Savings Bank,[1] moves for dismissal on the ground that the Court lacks jurisdiction over the subject matter of the claims advanced against it. Specifically, the receiver contends that plaintiffs' action against it is premature because plaintiffs' administrative claim is still pending. FSLIC, in its corporate capacity, also seeks dismissal for want of subject matter jurisdiction. With respect to this motion, FSLIC as a corporation contends that plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq., before commencing the instant action. Both FSLIC motions have been briefed and argued. Additionally, various defendants move for dismissal of plaintiffs' "Second and Amended Complaint" as having been improperly filed without leave of court or consent of the defendants. Fed.R.Civ.P. 15(a). The Court finds that oral argument is not necessary on the motions to dismiss plaintiffs' amended complaint.

### II.

At all relevant times, plaintiff William Kohlbeck owned and operated an irrigation company in the Kalispell, Montana area. The remaining plaintiffs are Kohlbeck's wife and children. Kohlbeck began banking with the then-named Montana Savings and Loan Association in late 1982. In August 1983, Kohlbeck purchased a two-year, $100,000 certificate of deposit from the savings and loan association. In September 1983, Kohlbeck pledged the certificate of deposit, which named Kohlbeck's children as beneficiaries, to the savings and loan association in order to secure a position as a director of that financial institution. The savings and loan association subsequently failed.

---

1. Montana Federal Savings Bank is an insolvent, federally-insured corporation. It was formerly Montana Savings and Loan Association, which entity also has been named as a defendant in this action.

The accounts of Montana Federal were insured by FSLIC pursuant to 12 U.S.C. § 1726. Montana Federal, therefore, was and is subject to the regulatory authority of FSLIC and the Federal Home Loan Bank Board. 12 U.S.C. §§ 1725(a), 1726. Pursuant to 12 U.S.C. § 1729(c)(1)(B), the Bank Board is authorized to appoint FSLIC to act as conservator or receiver of a failed, federally-insured savings and loan association upon a finding that any one of five conditions set forth in 12 U.S.C. § 1464(d)(6)(A) exists. On August 14, 1985, the Bank Board placed Montana Federal in receivership and appointed FSLIC as receiver. The Bank Board directed the receiver to liquidate Montana Federal in an orderly manner. As receiver, FSLIC succeeded to the rights, titles, powers and privileges of Montana Federal. 12 U.S.C. § 1729(c)(1)(B)(II); 12 C.F.R. § 547.7.

FSLIC, in its corporate capacity, is an agency of the United States, 12 U.S.C. § 1725(c), under the direction of the Bank Board. As the insurer of the accounts of federally-chartered savings and loan associations, the Bank Board and FSLIC conduct periodic examinations of federally-insured institutions. 12 U.S.C. §§ 1464(a)(1), 1726(b).

Plaintiffs' complaint alleges eight causes of action. In the first five causes of action, plaintiffs claim that the individual defendants fraudulently or negligently misrepresented Montana Federal's financial condition to William Kohlbeck in order to induce him to pledge to FSLIC his $100,000 certificate of deposit to bolster the savings and loan association's net worth. The sixth cause of action alleges that the individual defendants violated the federal Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1968, in scheming to defraud plaintiffs. The seventh and eighth causes of action, in essence, state tort claims against FSLIC based upon the actions of the individual defendants and upon FSLIC's allegedly negligent supervision of the individual defendants.

## III.

FSLIC, as receiver, moves to dismiss plaintiffs' claims against it for lack of subject matter jurisdiction. The receiver argues that the federal law governing its administration of a receivership establishes an administrative process for adjudicating all claims against the failed institution. FSLIC maintains that only after the administrative process is completed can the court exercise jurisdiction over plaintiffs' claims against the receiver. Moreover, FSLIC argues that as a federal agency it is immune from suit absent a specific waiver of immunity. FSLIC insists that Congress has specifically prohibited suits against FSLIC in its role as receiver. The motion is well taken.

■ Under applicable statutory authority, FSLIC is empowered to resolve claims against the failed institution and to do those things necessary to liquidate the association, subject only to regulation by the Bank Board. 12 U.S.C. § 1729(d). The court is prohibited from restraining or interfering with the receiver's exercise of its powers. 12 U.S.C. § 1464(d)(6)(C). A claimant who is dissatisfied with FSLIC's determination of a particular claim may seek administrative review by the Bank Board. Once the Bank Board has reviewed the matter and made its decision, judicial review of the federal agency's final decision is available under the Administrative Procedure Act, 5 U.S.C. §§ 701–06.

The plain language of the applicable statutes precludes federal court jurisdiction over claims against the receiver until the administrative procedure is complete. The courts adhere to and enforce the plain meaning of the statutes. *See, e.g., North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d 1096, 1103 (5th Cir. 1985), *cert. denied,* — U.S. —, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), *citing, First Savings & Loan Association v. First Federal Savings & Loan Association,* 531 F.Supp. 251, 254 (D.Haw.1981).

In the instant case, plaintiffs have filed a claim with the FSLIC, in its capacity as receiver, for recovery of the $100,000 alleg-

edly procured by fraud from William Kohlbeck.[2] As discussed above, the authority to consider claims against the assets of a failed savings and loan association in receivership is with FSLIC. FSLIC's resolution of claims is subject to regulation by the Bank Board.[3] Much of the delay in the receiver's determination of Kohlbeck's claim stems from the current adoption of new administrative procedures for handling such claims. These procedures have been proposed in 12 C.F.R. § 569C.7, 50 Federal Register 48970, at 48992. Upon formal adoption of these regulations, FSLIC can proceed to decide the administrative claim filed by Kohlbeck. If he so desires, Kohlbeck can then challenge FSLIC's actions before the Bank Board. If Kohlbeck remains dissatisfied, he may seek judicial review of the Bank Board's final decision pursuant to the Administrative Procedure Act. In summary, the applicable statutes prevent plaintiffs from going forward with a suit against the receiver before they have sought administrative review before FSLIC and the Bank Board.

### IV.

FSLIC, in its corporate capacity, also seeks dismissal for lack of subject matter jurisdiction. As noted above, the seventh and eighth causes of action alleged in plaintiffs' complaint are, in substance, tort claims against FSLIC. Plaintiffs claim that FSLIC has been "unjustly enriched" by its receipt of plaintiffs' pledged certificate of deposit. Plaintiffs allege that the FSLIC is holding the certificate in "constructive trust" for them. Kohlbecks ask the Court to rescind their pledge agreement with Montana Federal because FSLIC allegedly knew or should have known of the individual defendants' misconduct. Plaintiffs seek money damages from the FSLIC.

At the time plaintiffs commenced this action, they had already filed a tort claim with the FSLIC pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671, et seq.[4] The tort claim remained unresolved at that time, and six months had not expired since its filing.[5]

■ A tort action against the United States based upon the negligent or wrongful act or omission of any employee of the government, acting within his or her scope of employment, may not be instituted unless the claimant first presents such claim to the appropriate federal agency. 28 U.S.C. § 2675. Because plaintiffs had not exhausted their administrative remedies under the Federal Tort Claims Act, this Court lacks subject matter jurisdiction over the claims advanced against FSLIC in its corporate capacity. Dismissal of the complaint, without prejudice, as to this defendant is appropriate.

■ The record reveals that FSLIC ultimately did deny plaintiffs' administrative tort claim. When plaintiffs file their amended complaint, they must maintain suit against the United States as defendant and not against the particular agency. FSLIC, as an agency of the federal government, cannot be sued under the Federal Tort Claims Act. *See, e.g., Midwest Growers Co-op in Kirkemo*, 533 F.2d 455, 465 (9th Cir.1976).

### V.

Various defendants[6] move to dismiss plaintiffs' "Second and Amended Com-

---

**2.** Such claim was filed with the receiver in December 1985.

**3.** 12 U.S.C. § 1729(d) requires the FSLIC to, among other things, "settle, compromise, or release claims in favor of or against the insured institution, ... *subject only to the regulation of the Federal Home Loan Bank Board....*" (Emphasis added.)

**4.** The claim, filed on behalf of each plaintiff, was received by FSLIC on October 1, 1985.

**5.** Under the Federal Tort Claims Act, a claim that is not acted upon within six months is deemed denied. 28 U.S.C. § 2675.

**6.** FSLIC, in its corporate capacity, and the United States, which was named as a defendant in the amended complaint, have filed separate motions to dismiss on this ground. The individual defendants apparently join such motions.

plaint" as having been filed without leave of Court or consent of the defendants. Plaintiffs filed their amended complaint on August 25, 1986. An examination of the docket in the instant action reveals that the amended complaint was indeed filed without leave of Court or written consent of the adverse parties. Rule 15(a) of the Federal Rules of Civil Procedure provides in part:

A party may amend his pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party...."

█ While the motions to dismiss of FSLIC are not considered "responsive pleadings" under Rule 15(a),[7] the individual defendants' answer to the original complaint does constitute a "responsive pleading." *See, e.g., Gipson v. Township of Bass River,* 82 F.R.D. 122, 124–25 (D.N.J. 1979); Fed.R.Civ.P. 7(a). As some of the defendants already had filed an answer to the original complaint, plaintiffs' filing of an amended complaint without leave of Court or consent of the defendants was improper.

### VI.

█ Finally, the Court notes that individual defendants Marge Kis, Boyd Hall, Robert Happ, Frank Palicz, Gloria Palicz and Dee Mortensen also moved to dismiss the amended complaint on the ground that FSLIC as receiver and the Bank Board have not yet ruled on plaintiffs' administrative claim against the assets of the failed savings and loan. Although the Court already has determined that plaintiffs' amended complaint must be dismissed for the reasons discussed above in Section V, this motion deserves at least cursory attention. The individual defendants cannot

rely on the statutory framework governing FSLIC and Bank Board's conduct of a receivership to avoid suit. The individual defendants herein are alleged to be culpable, as individuals, for negligence and fraud. Plaintiffs need not await resolution of the administrative claim filed with the receiver before commencing suit against these private defendants.

### VII.

IT IS ORDERED that the motions to dismiss of defendant FSLIC, acting as receiver for defendant Montana Federal Savings Bank, and acting in its corporate capacity, for lack of subject matter jurisdiction are GRANTED. Such dismissal shall be without prejudice.

IT IS FURTHER ORDERED that the motions of the United States and FSLIC, in its corporate capacity, to dismiss plaintiffs' "Second and Amended Complaint" as having been filed in violation of Fed.R.Civ.P. 15(a), are GRANTED.

IT IS FURTHER ORDERED that plaintiffs are granted leave to file an amended complaint within 20 days.

IT IS FURTHER ORDERED that the motion of the individual defendants to dismiss plaintiffs' "Second and Amended Complaint" is DENIED as moot.

---

7. *See, e.g., Breier v. Northern California Bowling Proprietors' Association,* 316 F.2d 787 (9th Cir. 1963); *Crooker v. Bureau of Alcohol, Tobacco and Firearms,* 38 F.R.Serv.2d (Callaghan) 1052 (D.D.C.1983).