The **YORK BANK & TRUST COMPANY,** Plaintiff,

v.

**FEDERAL SAVINGS & LOAN INSURANCE CORPORATION in its corporate capacity and as receiver for Empire Savings & Loan Assn., Federal Home Loan Bank Board, First United Fund Limited, Inc., and P.V. Anderson,** Defendants.

**Civ. A. No. 86–0376.**

United States District Court, M.D. Pennsylvania.

July 10, 1987.

Arthur J. Murphy, Jr. & Assoc., P.C., Pittsburgh, Pa., Richard M. Rosenbleeth, Blank, Rome, Comisky & McCauley, Wei-Wei Chiu, Alan C. Gershenson, Philadelphia, Pa., for plaintiff.

Alan Z. Lefkowitz, Finkel, Lefkowitz, Ostrow & Woolridge, Pittsburgh, Pa., for P.V. Anderson, Inc.

Edward C. Schmidt, Roy A. Powell, Rose, Schmidt, Champman, Duff & Hasley, Pittsburgh, Pa., for First United Fund.

Charlotte A. Ried, Office of General Counsel, Federal Home Loan Bank Bd., Washington, D.C., Mary Spearing, Asst. U.S. Atty., Harrisburg, Pa., for Federal defendants.

## MEMORANDUM

CALDWELL, District Judge.

### Introduction

Plaintiff, The York Bank & Trust Company, brought this action against the federal defendants, the Federal Home Loan Bank Board ("FHLBB") and the Federal Savings and Loan Insurance Company ("FSLIC"), contesting a determination made by the FSLIC that certain certificates of deposit owned by plaintiff whose face value exceeds one million dollars were only insured to the extent of $100,000.00.[1] The federal defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. It is the position of defendants that plaintiff is limited to the exclusive remedies provided under the Administrative Procedures Act, 5 U.S.C. §§ 701–706, and that we lack jurisdiction to entertain plaintiff's claims against them. For the reasons set forth below, we will grant defendants' motion.

### Background

On March 14, 1984, the FHLBB appointed the FSLIC as a receiver for Empire Savings and Loan Association. Prior to being placed in receivership, Empire had sold five certificates of deposit to plaintiff. The total face value of the certificates was in excess of one million dollars. Employing its receivership powers, the FSLIC determined that plaintiff's certificates were only insured to the statutory maximum of $100,000. Plaintiff requested a reconsideration of the FSLIC's determination and that request was formally denied on June 20, 1985. Thereafter, the plaintiff initiated

1. Plaintiff has also sued defendants, First United Fund Limited, Inc., and P.V. Anderson, Inc., alleging that it was induced by fraud and misrepresentation to purchase the certificates of deposit.

this action against the FSLIC as a receiver for Empire, to recover monies that were deposited with Empire and insured by the FSLIC.

*Discussion*

The federal defendants argue that plaintiff's claims against them must be dismissed for lack of subject matter jurisdiction. They contend that jurisdiction over plaintiff's claims is exclusively vested in the FSLIC and FHLBB and that judicial interference with this administrative process is specifically prohibited by statute.[2] In support of this argument, defendants cite 12 U.S.C. § 1464(d)(6)(C) which provides:

> (C) Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect that exercise of powers or functions of a conservator or receiver.

Defendants further rely on the decision of the Fifth Circuit Court of Appeals in *North Mississippi Savings & Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir. 1985) to advance their position. In *Hudspeth*, the court held that jurisdiction over defendant's counterclaim against the FSLIC was exclusively with the FHLBB and upheld the dismissal of defendant's counterclaim. The court found that the adjudication of creditors' claims was the exclusive function of the FSLIC and that judicial review would restrain the FSLIC in the exercise of its receivership powers. It also found that the existence of such power was supported by the statutory scheme and consistent with the overriding purpose of Congress of facilitating the expeditious review of creditor's claims. As the court stated:

> Our conclusion is fortified by the existence of FHLBB regulations setting forth procedures for FSLIC payment of creditor claims. Under these regulations, the FSLIC gives notice to creditors to present their claims, and then may disallow claims "not proven to its satisfaction." Any disallowed claims are submitted to the FHLBB for review. 12 C.F.R. §§ 569a.8, 549.4. This administrative process serves to hasten the resolution of the receivership proceedings, in keeping with the Congressional purpose. Furthermore, the regulations reflect the view of the FHLBB, the enforcing agency for the relevant banking statutes, that the FSLIC is empowered to decide claims as part of its receivership function. The FHLBB's opinion is entitled to our deference. *Mattox v. FTC*, 752 F.2d 116, 123–24 (5th Cir.1985); *Chevron U.S.A. v. Natural Resources Defense Council*, 467 U.S. 837, 104 S.Ct. 2778, 2782–83, 81 L.Ed.2d 694 (1984).

*Id.* at 1102–03 (footnote omitted).

Plaintiff, on the other hand, argues that *Hudspeth* should be rejected in favor of the Ninth Circuit's recent decision in *Morrison-Knudsen Co., Inc. v. CHG International*, 811 F.2d 1209 (9th Cir.1987).[3] There, the court held that jurisdiction over plaintiff's claims against the FSLIC was not vested exclusively with the FHLBB and permitted plaintiff to pursue its claims in federal district court. In contrast to the *Hudspeth* court, it found that the FSLIC's receivership powers did not include the authority to adjudicate creditor's claims as there was no evidence in the relevant statutory language or legislative history that the FSLIC, as a receiver, was empowered to adjudicate creditor's claims. In addition to these considerations, the court relied on such factors as the failure of Congress to provide detailed measures delineating agency procedures and remedies and the broad grant of jurisdiction to the federal courts over any action in which the FSLIC

---

**2.** Defendants also argue plaintiff's action is barred by the doctrine of sovereign immunity. This argument, however, is clearly without merit as 12 U.S.C. § 1725(c)(4) specifically provides that the FSLIC has the power to "sue and be sued, complain and defend, in any court of competent jurisdiction in the United States. . . ."

**3.** A motion for rehearing *en banc* is currently pending before the Ninth Circuit.

See *Morrison-Knudsen Co. Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987); *Jugum v. Federal Savings and Loan Insurance Corp.*, 637 F.Supp. 1045 (W.D.Wash.1986).

is a party. *See* 12 U.S.C. § 1730(k)(1). The court also noted the Federal Deposit Insurance Corporation, which has similar receivership powers, has never asserted that it was authorized to adjudicate the claims of creditors. The court summarized its position in the following manner:

> To sum up, we conclude that FSLIC's assertion of adjudicatory power in its receivership capacity is unsupported by the statutory language and inconsistent with congressional intent. The two-tiered framework Congress has established for FSLIC (as for the FDIC) is clear and coherent. As overseer of ongoing associations, the agency stands above the insured institutions and has important but well-defined adjudicatory powers to ensure compliance with federal law. As receiver for failed associations, however, FSLIC stands in the shoes of the insured institution. It takes over assets and liabilities, and it assumes full operational control in its own name. It is empowered and indeed obligated to pay all valid depositors' and creditors' claims up to certain limits in orderly fashion and without immediate judicial supervision. It may settle or release these claims with the consent of claimant parties as it sees fit in order to accomplish this task more efficiently. But when a claim is disputed and agreement cannot be reached, FSLIC is obliged to attend court just as the institutions it represents would have had to do.

*Id.* at 1222.

Faced with these opposing views, we find the position taken by the court in *Hud-*

*speth* to be more persuasive. As the foregoing discussion of these cases indicates, the critical issue is whether the FSLIC, as a receiver, is empowered to adjudicate the claims of creditors and depositors.[4] This issue is important because if the FSLIC is so empowered, then judicial review of its determinations would constitute an impermissible restraint of its receivership powers specifically prohibited by 12 U.S.C. § 1464(d)(6)(C).

██ Unlike the *Morrison-Knudsen* Court, we conclude that the FSLIC, as a receiver, is vested with the power to adjudicate the claims of creditors and depositors. Authority for this conclusion is found in § 1729(d) which provides:

> In connection with the liquidation of insured institutions, the Corporation shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board....

12 U.S.C. § 1729(d).[5]

In addition, the FHLBB in the exercise of its rulemaking authority under 12 U.S.C. § 1464(d)(11) has established an administrative procedure for adjudicating claims against the assets of a savings and loan in receivership. Under these rules, the FSLIC is authorized to "allow any claim seasonably received and proved to its satis-

---

4. Plaintiff has indicated in its brief that it is only suing the FSLIC in its capacity as a receiver (plaintiff's brief at p. 5) and therefore we need not consider whether we have jurisdiction to entertain a claim for payment of insurance made against the FSLIC in its corporate capacity. *See Baskes v. Federal Savings and Loan Association,* 649 F.Supp. 1358 (N.D.Ill.1986); *Jugum v. Federal Savings and Loan Insurance Corp.,* 637 F.Supp. 1045 (W.D.Wash.1986).

5. Section 12 U.S.C. § 1729(d) has subsequently been amended to provide

> In connection with the liquidation of insured institutions, the Corporation shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims

in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to the regulation of the Federal Home Loan Bank Board, or, in cases where the Corporation has been appointed conservator, receiver, or legal custodian solely by a public authority having jurisdiction over the matter other than said Board, subject only to the regulation of such public authority.

This amendment, however, is not applicable to this action as plaintiff's complaint was filed when the previous enactment was still in force. *See Lyons Savings and Loan Association v. Westside Bancorporation, Inc.,* 828 F.2d 387, 389 (7th Cir.1987).

faction" and may "wholly or partly disallow any creditor claim or claim for security, preference, or priority not so proved and shall notify the claimant of the disallowance and the reason therefor." 12 C.F.R. § 549.4(b). The determination of FSLIC is subject to review by the FHLBB, § 549.-4(b), 549.5–1(b)(2) and the claimant may seek judicial review of the FHMBB's final decision in federal court under the Administrative Procedures Act, 5 U.S.C. §§ 701–706. *See Lyons Savings and Loan Association v. Westside Bancorporation, Inc.,* 828 F.2d 387 (7th Cir.1987). Thus, by exercising its rulemaking power in this manner, the FHLBB has clearly interpreted the powers of the FSLIC to include the authority to adjudicate the claims of creditors and depositors and this interpretation is entitled to deference. *See Ford Motor Credit Co. v. Cenance,* 452 U.S. 155, 101 S.Ct. 2239, 68 L.Ed.2d 744 (1981).

The legislative history of § 1464(d)(6)(C) also appears to support the position taken by defendants. The Senate Banking and Currency Committee stated that the effect of § 1464(d)(6)(C) would be to

> limit the jurisdiction of a court to order the removal of a conservator or receiver, except in an action for removal brought by an association under authority of paragraph (6)(A) of the proposed amended section 5(d), or, except at the instance of the Board, to restrain the exercise of the powers or functions of a conservator or receiver.

S.Rep. No. 1482, 89th Cong., 2d Sess. 14, *reprinted in* 1966 U.S.Code Cong. & Ad. News 3532, 3545.

The House Committee on Banking and Currency also reported:

> The scope of judicial review shall also be in conformity with the provisions of Title 5 of the United States Code relating to judicial review of administrative action, ... except that agency action, findings, and conclusions may be set aside if not supported by the weight of the evidence.... The purpose of the new language is to safeguard the right of individuals and institutions from arbitrary and capricious agency action.

*Lyons Savings and Loan Association v. Westside Bancorporation, Inc.,* 636 F.Supp. 576, 580 (N.D.Ill.1986) (quoting H.Rep. No. 2077, 89th Cong., 2d Sess. 6 (1966)).

These comments indicate to us that Congress intended only for administrative, rather than judicial, review of FSLIC determinations.

Finally, we note that the overwhelming majority of courts have followed the *Hudspeth* approach. *See e.g., Lyons Savings and Loan Association v. Westside Bancorporation, Inc.,* 828 F.2d 387 (7th Cir. 1987); *Federal Savings and Loan Insurance Corporation v. Oldenburg,* 658 F. Supp. 609 (D.Utah 1987); *Federal Savings and Loan Insurance Corporation v. Quality Inns, Inc.,* 650 F.Supp. 918 (D.Md.1987); *Sunrise Savings and Loan Association v. LIR Development Co.,* 641 F.Supp. 744 (S.D. Fla.1986). Based upon these considerations, we conclude that any claim arising from the exercise of the FSLIC's power as a receiver must be channeled through the administrative process and accordingly defendants' motion to dismiss will be granted.