**PEOPLES' SAVINGS AND LOAN ASSOCIATION, Plaintiff,**

v.

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION, Defendant.**

**Civ. A. No. 87–2128.**

United States District Court,
D. Kansas.

Jan. 11, 1988.

Gary L. Ayers, Foulston, Siefkin, Powers and Eberhardt, Wichita, Kan., for plaintiff.

R. Kent Sullivan, Morrison, Hecker, Curtis, Kuder and Parrish, Overland Park, Kan., Nancy L. Shelledy, Morrison, Hecker, Curtis, Kuder and Parrish, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This action arose from a loan participation agreement between plaintiff Peoples' Savings and Loan Association and defendant First Federal Savings and Loan Association. In May 1983, defendant sold plaintiff a 90% participation interest in a $454,000 mortgage loan extended to Gene D. Villareal and secured by a first mortgage on residential property in Houston, Texas. Mr. Villareal defaulted on the loan and later filed bankruptcy. Defendant foreclosed on the Houston property, and plaintiff anticipates that the proceeds from the property's liquidation will not satisfy the mortgage loan's outstanding balance.

Plaintiff filed this case alleging that defendant fraudulently induced plaintiff to purchase the 90% participation interest in the Villareal loan. Shortly after the case was filed, the Federal Home Loan Bank Board [hereinafter "FHLBB"] declared defendant to be insolvent under the authority of 12 U.S.C. § 1464(d)(6)(A)(i) and (ii) and appointed the Federal Savings and Loan Insurance Corporation [hereinafter "FSLIC"] as receiver pursuant to section 1464(d)(6)(A). In its capacity as receiver, the FSLIC now moves the court to dismiss this action for lack of subject matter jurisdiction. According to the FSLIC, federal statutes vest the FSLIC and the FHLBB with exclusive subject matter jurisdiction over claims against the assets of a federal savings and loan association in receivership. Additionally, the FSLIC contends that the court's involvement is limited to reviewing the agencies' determinations under section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. Plaintiff urges that staying the action, rather than dismissing it, will best protect the parties' rights. For the reasons detailed below, the FSLIC's motion to dismiss for lack of subject matter jurisdiction will be granted.

■ The issue presented by the FSLIC's motion is one of first impression in this court and has not been addressed by the Tenth Circuit. In support of its motion, the FSLIC relies on the Fifth Circuit's decision in *North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir. 1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), and the line of federal district court cases following *Hudspeth*.[1] Plaintiff relies on a Ninth Circuit decision, *Morrison–Knudsen Co., Inc. v. CHG International, Inc.*, 811 F.2d 1209 (9th Cir.1987), *appeal pending*, to support its position. Consequently, we must evalu-

---

1. A substantial majority of the district courts have adopted the Fifth Circuit's position in *Hudspeth* and a later case, *Chupik Corp. v. FSLIC*, 790 F.2d 1269 (5th Cir.1986). *See, e.g., York Bank & Trust Co. v. FSLIC*, 663 F.Supp. 1100 (M.D.Pa.1987); *Acquisition Corp. of America v. Sunrise Savings & Loan Ass'n*, 659 F.Supp. 138 (S.D.Fla.1987); *FSLIC v. Oldenburg*, 658 F.Supp. 609 (D.Utah 1987); *FSLIC v. Hall Whispertree Associates*, 653 F.Supp. 148 (N.D.Tex.1986); *First Financial Savings & Loan of El Dorado v. FSLIC*, 651 F.Supp. 1289 (E.D.Ark.1987); *Kohlbeck v. Kis*, 651 F.Supp. 1233 (D.Mont.1987); *FSLIC v. Quality Inns, Inc.*, 650 F.Supp. 918 (D.Md.1987); *Baer v. Abel* 649 F.Supp. 25 (W.D.Wash.1986); *Baer v. Abel*, 648 F.Supp. 69 (W.D. Wash.1986); *Colony First Federal Savings & Loan Ass'n v. FSLIC*, 643 F.Supp. 410 (C.D.Calif. 1986); *Sunrise Savings & Loan Ass'n v. LIR Development Co.*, 641 F.Supp. 744 (S.D.Fla. 1986); *First American Savings Bank v. Westside Federal Savings & Loan Ass'n*, 639 F.Supp. 93 (W.D.Wash.1986), *appeal dismissed*, 811 F.2d 1209 (9th Cir.1987); *Lyons Savings & Loan Ass'n v. Westside Bancorporation, Inc.*, 636 F.Supp. 576 (N.D.Ill.1986), *aff'd*, 828 F.2d 387 (7th Cir. 1987); *First Savings & Loan Ass'n v. First Federal Savings & Loan Ass'n.*, 531 F.Supp. 251 (D.Hawaii 1981); *but see FSLIC v. Provo Excelsior Ltd.*, 664 F.Supp. 1405 (D.Utah 1987) (following *Morrison–Knudsen* ).

ate the competing positions of the Fifth and Ninth Circuits, and either resolve the split between these circuit courts or choose between their divergent results. In *Morrison-Knudsen,* the Ninth Circuit found no statutory authority for the FSLIC to adjudicate claims, while in *Hudspeth* the Fifth Circuit concluded that the FSLIC must have the ability to adjudicate claims in order to effectuate the purposes giving rise to the Bank Protection Act of 1968, 12 U.S.C. § 1729. Because these circuit courts interpreted the relevant statutory history differently, we conclude that harmonizing the competing positions is impossible; therefore, we choose to follow *Hudspeth* and its progeny.

As the Pennsylvania District Court stated, "the critical issue is whether the FSLIC, as receiver, is empowered to adjudicate the claims of creditors...." *York Bank & Trust Co. v. Federal Savings & Loan Ins. Corp.,* 663 F.Supp. 1100, 1103 (M.D.Pa.1987). If the FSLIC has adjudicatory power, a district court's taking jurisdiction over creditors' claims would constitute a restraint of the FSLIC's receivership powers, in direct violation of 12 U.S.C. § 1464(d)(6)(C). On the other hand, if the FSLIC has no adjudicatory power over creditors' claims, jurisdiction properly lies with the federal courts. *Id.* The answer to this "critical issue" is found in the relevant statutory framework and history.

Pursuant to 12 U.S.C. §§ 1729(a), (b)(1)(A)(v), (c)(3)(B), and (d), the FSLIC has authority to liquidate failed institutions. Section 1729(d) further provides:

> In connection with the liquidation of insured institutions in default, the [FSLIC] shall have power to carry on the business of and to collect all obligations to the insured institutions, to settle, compromise, or release claims in favor of or against the insured institutions, and to do all other things that may be necessary in connection therewith, subject only to

the regulation of the court or other public authority having jurisdiction over the matter.

12 U.S.C. § 1729(d). Section 1729(c)(3) explains that "the language 'the court or other public authority having jurisdiction over the matter' in subsection (d) of this section shall mean [the Federal Home Loan Bank Board]." Congress empowered the FHLBB "to make rules and regulations for the ... liquidation, and dissolution of associations ... and for the conduct of conservatorships and receiverships." *Id.* § 1464(d)(11). Following this directive, the FHLBB promulgated rules and regulations which establish administrative procedures governing claims against a receivership's assets. Under these procedures, the FSLIC has power to "allow any claim seasonably received and proved to its satisfaction," 12 C.F.R. §§ 549.4(b), 549.5–1(b)(2), and the FHLBB has power to review the FSLIC's decisions. *Id.* The FHLBB's decision is then subject to judicial review under section 10 of the Administrative Procedure Act, 5 U.S.C. §§ 701–706. *See Lyons Savings & Loan Ass'n v. Westside Bancorporation, Inc.,* 828 F.2d 387, 390 (7th Cir. 1987).[2]

As the Seventh Circuit commented in *Lyons,* "[t]he Bank Board's regulations have contained a provision for the adjudication of claims since 1956. *See* 21 Fed.Reg. 4548, 4553 (June 26, 1956) (codified at 24 C.F.R. § 149.4 (1956))." *Id.* at 392. Although Congress amended the statutory framework over the last thirty years,[3] it "has never limited the FSLIC's authority to adjudicate claims." *Id.* Consequently, the above-mentioned regulations reflect the FHLBB's view, which is supported by Congress, that the FSLIC does have statutory authority to adjudicate claims as part of its receivership duties. *Hudspeth,* 756 F.2d at 1103. The FHLBB's opinion deserves our deference. *See Chevron U.S.A. v. Natu-*

---

**2.** At first glance these procedures appear to run afoul of the nondelegation doctrine. Because neither the FSLIC nor the FHLBB can render final judgments or issue binding orders, however, no unconstitutional delegation exists. *See Thomas v. Union Carbide Agricultural Products*

*Co.,* 473 U.S. 568, 584, 105 S.Ct. 3325, 3335, 87 L.Ed.2d 409 (1985).

**3.** *See, e.g.,* Garn–St. Germain Depository Institutions Act of 1982, Pub.L. No. 97–320, § 122(g), 96 Stat. 1469, 1482–83.

*ral Resources Defense Council,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694, *reh'g denied,* 468 U.S. 1227, 105 S.Ct. 28, 82 L.Ed.2d 921 (1984). Moreover, Congress' thirty-year silence, implying an acceptance of administrative solutions for claims against receivership assets, also deserves our deference. *See, e.g., United States v. Riverside Bayview Homes, Inc.,* 474 U.S. 121, 106 S.Ct. 455, 88 L.Ed.2d 419 (1985); *Abourezk v. Reagan,* 785 F.2d 1043, 1055 (D.C.Cir.), *cert. granted,* —— U.S. ——, 107 S.Ct. 666, 93 L.Ed.2d 718 (1986).

Further support for the FSLIC's adjudicatory powers is found in 12 U.S.C. § 1464(d)(6)(C), which provides in pertinent part: "[N]o court may ... restrain or affect the exercise of powers or functions of a conservator or receiver." Congress added this language to section 1464(d)(6)(C) to limit federal courts' jurisdiction and to broaden the powers of regulatory agencies involved in bank regulation. *See* S.Rep. No. 1482, 89th Cong., 2d Sess. 14, *reprinted in* 1966 U.S.Code Cong. & Ad.News 3532, 3545; *see also Lyons Savings & Loan Ass'n v. Westside Bancorporation, Inc.,* 636 F.Supp. 576, 580 (N.D.Ill.1986), *aff'd,* 828 F.2d 387 (7th Cir.1987). Additionally, support for the FHLBB's administrative procedures is found in the legislative history of the Financial Supervisory Act of 1966, which amended the Home Owners' Loan Act of 1933, and which reworked what is now section 1464(d). The House Committee on Banking and Currency reported the following:

> The scope of judicial review shall also be in conformity with the provisions of Title 5 of the United States Code relating to judicial review of administrative action, ... except that agency action, findings, and conclusions may be set aside if not supported by the weight of the evidence....

H.Rep. No. 2077, 89th Cong., 2d Sess. 6 (1966). Also, "the Senate confirmed that the FSLIC's authority '[i]n carrying out its receivership responsibilities ... would be subject only to the regulation of the Federal Home Loan Bank Board....'" *Hudspeth,* 756 F.2d at 1101 (quoting S.Rep. No.

1263, 90th Cong., 2d Sess. 10, *reprinted in* 1968 U.S.Code Cong. & Ad.News 2530, 2539). From this legislative history it is evident that Congress intended that claims against receivership assets should "go through the agencies before reaching the federal courts." *Lyons Savings,* 636 F.Supp. at 580. Furthermore, the legislative history evidences that:

> Congress wanted the FSLIC to be able to act quickly and decisively in reorganizing, operating, or dissolving a failed institution, and intended that the FSLIC's ability to accomplish these goals not be interfered with by other judicial or regulatory authorities.

*Hudspeth,* 756 F.2d at 1101. We, like the *Hudspeth* court, conclude that the underlying purpose of sections 1464(d)(6) and 1729(d) was "expediting and facilitating the FSLIC's task as a receiver...." *Id.* at 1102. Therefore, resolving claims in the federal courts, outside the provided administrative process, would delay the receiver's distribution of the assets, and consequently restrain the receiver's functions, which restraint is expressly ·prohibited by section 1464(d)(6)(C). *Id.; see also Lyons,* 828 F.2d at 391. To hold that the FSLIC has no adjudicatory powers, as did the *Morrison–Knudsen* court, would impede FSLIC's ability to recoup its insurance payouts through prompt liquidations and thus hinder its ability to maintain its reserves, which are currently experiencing an unprecedented strain. *See Morrison–Knudsen,* 811 F.2d at 1216.

Although the Ninth Circuit's opinion in *Morrison–Knudsen* is well-reasoned, the court failed to address the above-discussed legislative history when it concluded that Congress clearly did not intend to confer adjudicatory powers on the FSLIC. *Id.* at 1215. Instead, the court developed its understanding of congressional intent from (1) comparisons between sections 1464(d)(6)(C) and 1729(d) and other statutory provisions relating to the FSLIC's powers and duties as supervisor and insurer of federal associations; (2) the general jurisdictional provision, 12 U.S.C. § 1730(k); and (3) comparisons between the FSLIC

and the FDIC, which, in its capacity as receiver, willingly defends or asserts claims against receivership assets in court. *Id.* at 1219–21. The Ninth Circuit also expressed concerns regarding (1) the constitutionality of the FSLIC's adjudicating claims, *see id.* at 1221; (2) the wisdom of allowing the FSLIC to adjudicate claims when the FSLIC itself is usually the largest single claimant against the receivership assets, *see id.* at 1215–16; and (3) the Fifth Circuit's logic in deciding that initial adjudication of claims in court would restrain the receiver but that judicial review would not delay or restrain the liquidation process, *see id.* at 1216.

 We are not persuaded by the Ninth Circuit's interpretation of congressional intent and do not share the court's concerns. The legislative history of section 1464(d)(6)(C), as well as the thirty-year congressional acquiescence in the FHLBB's administrative procedures, are more indicative of congressional intent than the sources on which the *Morrison–Knudsen* court relied. The Ninth Circuit's concerns also can be answered briefly: (1) Delegating adjudicatory powers to an administrative agency when the agency has no authority to render binding legal judgments is not unconstitutional. *See Lyons Savings,* 636 F.Supp. at 582 (quoting *Thomas v. Union Carbide Agricultural Products Co.,* 473 U.S. 568, 583–84, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985)); (2) Though the FSLIC's acting as both claimant and judge could create conflict of interest problems, judicial review under a "weight of the evidence" standard would remedy such problems, if in fact they occur. *See* H.Rep. No. 2077, 89th Cong., 2d Sess. 6 (1966), U.S.Code Cong. & Admin.News 1966 p. 3532 (discussing scope of review); and (3) Judicial review will not delay the liquidation process as much as initial court adjudication because judicial review will be required only when a claimant is dissatisfied with both the FSLIC's and the FHLBB's determinations. Furthermore, judicial review of administrative decisions often can proceed on the written record, without need for a hearing, thus avoiding the delays which unfortunately have be-

come the normal course for civil trials at the federal level. With all due respect to the Ninth Circuit, we are convinced that adopting its decision would have a significant and detrimental effect on the FSLIC's ability to maintain its reserves. *See Lyons,* 828 F.2d at 392. Consequently, we will take the road more traveled and follow the Fifth Circuit's lead.

Given the provisions of 12 U.S.C. §§ 1464(d)(6)(C) and 1729(d), the administrative procedures promulgated by the FHLBB, the underlying congressional purpose of expediting the FSLIC's receivership functions, and the current strain on the FSLIC's reserves, we conclude that the FSLIC has exclusive jurisdiction over plaintiff's claims against First Federal Savings and Loan Association.

IT IS THEREFORE ORDERED that the FSLIC's motion to dismiss is granted.